SGRO, APPELLANT, *v.* MCDONALD'S RESTAURANT ET AL., APPELLEES.

(No. 48062 — Decided August 6, 1984.)

*Jack W. Abel,* for appellant.
*Daniel F. Richards* and *William H. Rider,* for appellees.

*Per Curiam.* This appeal arises from a judgment of dismissal entered by the Court of Common Pleas of Cuyahoga County, predicated upon appellant Joseph F. Sgro's failure to prosecute. Our review of this matter shall be limited to the record on appeal and argument set forth by appellant. Appellees herein, McDonald's Restaurant et al. (Alan Shorte and Cynthia L. Gabella), have chosen not to respond to this matter.

As adduced from the record below, on July 13, 1982, appellant initiated a complaint in the trial court, grounded upon a negligence theory. After considerable procedural sparring between the respective parties, this matter was referred by the trial court to arbitration and scheduled to be heard. Though not contained within the record, as argued by appellant (App. R. 18[C] ), this initial arbitration hearing was unable to proceed forward due to appellees' request for a continuance. It was therefore rescheduled and again continued by appellees. A third hearing date was thereafter scheduled for December 13, 1983, and again, per appellees' request, continued.

Thereafter, on December 16, 1983, without proceeding to arbitration, this matter was dismissed by the trial court

for want of prosecution. This instant appeal ensued.

"Plaintiff-appellant's action was wrongfully dismissed by Judge [Fred J.] Guzzo. Such dismissal is without basis and is contrary to law."

It is contended that the trial court erred in dismissing appellant's action for failure to prosecute. Appellant's argument is well-taken.

Civ. R. 41(B)(1) provides:

"Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

The power to dismiss for lack of prosecution is within the sound discretion of the trial court. Appellate review of such a dismissal is therefore confined to a determination of whether the trial court abused its discretion. See, generally, *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89. As developed in the case of *Finley* v. *Parvin/Dohrmann Co.* (C.A. 2, 1975), 520 F. 2d 386, 390, discretion is abused when a decision is arbitrary, fanciful or unreasonable, or only when no reasonable man would take the view adopted by the trial court.

In the instant matter, appellant has indicated that several dates were set for hearings, and each time the scheduled hearing was postponed per the defendants-appellees' request.[1] The record also reflects that the final continuance sought by the defendants-appellees was for the December 13, 1983 hearing date; and three days subsequent to this continued hearing date, the trial court dismissed appellant's action.

Upon the foregoing, we conclude that the record clearly reflects appellant adequately prosecuted his action, and any dilatory conduct in moving this matter along was caused by appellees. We therefore conclude that the trial court abused its discretion in dismissing appellant's action, and we reverse and remand this matter to the trial court for further proceedings consistent with this opinion. It is so ordered.

*Judgment reversed and cause remanded.*

NAHRA, P.J., PATTON and PRYATEL, JJ., concur.

---

[1] See App. R. 18(C). The record in pertinent part supports appellant's rendition of events.