**CITY OF CLEVELAND, Appellee,**

v.

**BUCKLEY, Appellant.**

[Cite as *Cleveland v. Buckley* (1990), 67 Ohio App.3d 799.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56997.

Decided May 29, 1990.

800

*Patricia A. Blackmon*, Chief City Prosecutor, and *C. Randolph Keller*, for appellee.

*J. Michael Murray* and *Ann N. Butenhof*, for appellant.

PATTON, Chief Justice.

Defendant Donald Buckley was found guilty of pandering obscenity in violation of R.C. 2907.32(A)(4). Buckley's twelve assigned errors contest that conviction.

Defendant was an employee at the Downtown News and Books, a bookstore offering general interest and adult titles for sale. In the rear of the store were numerous private booths in which customers could insert a token and

view portions of sexually explicit videotapes. Tokens could be purchased at the sales counter.

On June 22, 1988, a Cleveland Police Strike Force detective entered the bookstore and purchased $5 worth of tokens. Defendant was not present at the time. The detective selected a booth in which "Full Metal Bikini" was playing. After viewing the videotape for approximately twenty-five minutes, the detective swore out an affidavit in which he detailed various acts of intercourse and oral sex that were graphically depicted on the videotape.

A search warrant was issued and the detective returned to the bookstore that afternoon. The detective purchased $5 worth of tokens from defendant using a marked $5 bill. He re-entered the same booth and proceeded to view scenes of "Full Metal Bikini" in order to satisfy himself that it was the same videotape.

Following the second viewing, the search warrant was executed. Strike Force members seized the videotape and the videotape player.

I

We first consider defendant's tenth assigned error in which he contends that the court erred by denying his motion to suppress a statement he made during the execution of the search warrant. Defendant maintains that his statement to the effect that defendant did not have a time card because he was the store manager was elicited from him when he was not advised of his *Miranda* rights.

In *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court held that a custodial interrogation must be preceded by warnings to the defendant that he has a right to remain silent and a right to the presence of counsel. General on-the-scene questioning as to the facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by the *Miranda* rule. *Id.; State v. Williams* (Apr. 18, 1985), Cuyahoga App. No. 48958, unreported, at 14, 1985 WL 7988. Thus,

"For purposes of application of the *Miranda* rule, custodial interrogation refers not merely to explicit questioning but also to any words or actions on the part of police officers, excepting those normally incident to arrest and custody, that the officers should know are reasonably likely to induce an incriminating response from the suspect." *State v. Williams* (1983), 6 Ohio St.3d 281, 290, 6 OBR 345, 352, 452 N.E.2d 1323, 1333, and paragraph five of the syllabus.

■ In this case, the record demonstrates that defendant refused to identify himself upon the detectives' request. The detectives proceeded to look for defendant's time card, at which time defendant made the disputed statement. We find that the words and actions of the detectives were not of the type that were reasonably likely to induce an incriminating response from the defendant.

■ Moreover, even if defendant's statement had fallen within the realm of the *Miranda* rule, its admission was harmless error. Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt. *Williams, supra; Harrington v. California* (1969), 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284, 287. In this case, there is overwhelming proof of defendant's guilt. Defendant sold the tokens which were the only means of activating the videotape player. Thus, it is irrelevant whether defendant was the store manager or an employee. See *infra*.

Accordingly, the tenth assigned error is overruled.

## II

Defendant's eleventh assigned error argues that the court erred in failing to grant his motion to dismiss based on selective prosecution. Recently, we overruled precisely this argument in *Cleveland v. Frank* (Mar. 1, 1990), Cuyahoga App. No. 56426, unreported, at 13–15, 1990 WL 19321.

Accordingly, the eleventh assigned error is overruled on the basis of *Frank, supra*.

## III

Defendant's third through sixth assigned errors challenge various jury instructions.

## A

■ The fourth assigned error contends that the court erroneously instructed the jury when it diluted the statutory definition of "reasonable doubt." This contention has merit.

R.C. 2901.05(D) reads, as follows:

" 'Reasonable doubt' is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything

relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon *it in the most important of his own affairs."* (Emphasis added.)

The court's instruction used the words "in the *conduct* of his own affairs" instead of "in the *most important* of his own affairs." This instruction amounted to prejudicial error. The legislature mandated that the statutory definition of "reasonable doubt" found in R.C. 2901.05(D) be read to the jury. *State v. Seneff* (1980), 70 Ohio App.2d 171, 179, 24 O.O.3d 215, 219, 435 N.E.2d 680, 685. We find no reason for a trial court to modify this definition in its instruction to the jury. The obvious intent of the legislature in enacting R.C. 2901.05(B) was to eliminate needless reversals of criminal convictions on account of erroneous and *ad hoc* definitions of reasonable doubt by trial courts. *Id.*

Clearly, the jury could perceive different degrees of importance between the statutory definition and the court's modification of the statutory definition of reasonable doubt. Although an ordinary person may tolerate a given level of uncertainty or doubt in conducting his everyday affairs, when it comes to "the most important" of his affairs, an ordinary person will not tolerate the same level of uncertainty or doubt. Rather, the ordinary person will demand more precise and reliable information before committing himself to a particular course of action. Thus, the court's instruction clearly lessened the state's burden of proof and, therefore, prejudiced the defendant.

Accordingly, the fourth assigned error is sustained.

### B

The third assigned error argues that the court erred in instructing the jury under R.C. 2907.32(A)(5) when the defendant had been charged under R.C. 2907.32(A)(4). Defendant argues that he was prejudiced because R.C. 2907.32(A)(5) does not contain all the elements of R.C. 2907.32(A)(4).

A defective jury instruction is not plain error unless the outcome of the trial clearly would have been otherwise if the instruction had been properly given. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus; *State v. Cooey* (1989), 46 Ohio St.3d 20, 31, 544 N.E.2d 895, 910; *State v. Johnson* (1989), 46 Ohio St.3d 96, 102, 545 N.E.2d 636, 642; *State v. Wilson* (Dec. 16, 1986), Cuyahoga App. No. 51519, unreported, at 6, 1986 WL 14750.

R.C. 2907.32(A)(4) and (A)(5) read as follows:

"No person, with knowledge of the character of the material or performance involved, shall do any of the following:

" * * *

"(4) Advertise an obscene performance for presentation, or present or participate in presenting an obscene performance, when such performance is presented publicly, or when admission is charged;

"(5) Possess or control any obscene material with purpose to violate division (A)(2) or (4) of this section."

As to the elements of the crime with which defendant was charged, the court instructed the jury as follows:

"Before you can find the defendant guilty, you must find beyond a reasonable doubt that * * * the defendant, with knowledge of the character of the material, did control any obscene material with purpose of violating Section 2907.32(A)(4), *specifically participating in presenting an obscene performance when admission was charged.*

" * * *

"The statute provides that no person, with knowledge of the character of the material or performance involved, shall possess or control any obscene material with the purpose of violating the Revision [*sic*] (A)(4) of this section, Division 2907.32, that states, 'No person, with knowledge of the character of the material or performance involved, shall *participate in presenting an obscene performance when admission is charged.*'

"In order to find the defendant, Mr. Donald Buckley, guilty of the crime in which he is charged, the prosecution *must prove each and every element of the crime* as follows beyond a reasonable doubt:  One, that the video cassette tape entitled 'Full Metal Bikini' is obscene.

"Number two, that the defendant had knowledge of the character of the video cassette tape entitled 'Full Metal Bikini.'

"Number three, that the defendant did possess or control the video tape entitled 'Full Metal Bikini.'

"*The defendant did present or participate in the showing of the cassette tape entitled 'Full Metal Bikini,' and admission was charged.*

"*If you find that the State has failed to prove any one of these elements beyond a reasonable doubt, you are instructed that you must find the defendant not guilty.*"  (Emphasis added.)

Clearly, the court instructed the jury on the elements of R.C. 2907.32(A)(4) and included an extraneous portion of R.C. 2907.32(A)(5) in its charge to the jury.  Thus, we find that the court did charge the jury under R.C. 2907.-

32(A)(4) and, although it included a portion of R.C. 2907.32(A)(5) which was merely extraneous, it was error, but harmless error. In fact, the instruction helped defendant because it added elements to the crime charged thus making the state's burden of proof higher. Thus, we are persuaded that the instruction was harmless error.

Accordingly, the third assigned error is overruled.

## C

Defendant's fifth assigned error argues that the court erred by instructing the jury that under R.C. 2907.32(A), "knowledge of the character of the material" could be determined if the jury found that defendant "knew or should have known the nature of the content and character of the material * * *." Defendant contends that a "should have known" instruction significantly lowered the scienter required to prove the charge of pandering obscenity.

R.C. 2901.22(B) states that a person has "knowledge of circumstances when he is aware that such circumstances probably exist." Nowhere in that definition does it indicate that the culpable mental state of knowledge encompasses situations when a person should have known the nature of circumstances. The inclusion of language indicating the culpable mental state could be proven by proof that defendant "should have known" was error. *State v. Fischer* (Jan. 18, 1990), Cuyahoga App. No. 56372, unreported, at 17, 1990 WL 3163.

Despite this error, we conclude that it was harmless. Under *State v. Burgun* (1978), 56 Ohio St.2d 354, 10 O.O.3d 485, 384 N.E.2d 255, paragraph two of the syllabus, knowledge of the character of the material may be shown solely by circumstantial evidence. R.C. 2907.35(A)(2) provides that an employee of a bookstore engaged in selling materials, who, in the course of business does any of the acts prohibited by R.C. 2907.32, is presumed to have knowledge of the character of the material involved, if he has actual notice of the nature of such material, whether or not he has precise knowledge of its contents. See *State v. Loshin* (1986), 34 Ohio App.3d 62, 68, 517 N.E.2d 229, 235; *Fischer, supra,* at 18.

The presumption set forth in R.C. 2907.35(A)(2) was fully reinforced by the circumstantial evidence. While the bookstore sold general interest publications, it also sold a variety of sexually oriented material, artificial sexual aids and related paraphernalia. The various videotapes available for viewing were identified on the outside of each booth by posters. These posters contained still photographs of scenes that had the explicit sexual conduct depicted obscured by captions.

On these facts, we conclude that the inclusion of language in the jury instruction stating that culpability could be shown if defendant "should have known" the nature of the videotape "Full Metal Bikini" was harmless. Cf. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144, paragraphs two and three of the syllabus; *State v. Young* (1987), 37 Ohio St.3d 249, 254, 525 N.E.2d 1363, 1369. Had the erroneous language of the jury instruction been deleted, there was more than sufficient evidence upon which the jury could conclude that defendant's knowledge had been proven beyond a reasonable doubt. *Fischer, supra,* at 19. The fifth assigned error is overruled.

### D

Defendant's sixth assigned error argues the court erred by not instructing the jury that children are not to be considered part of the community in determining the "contemporary community standards" under the obscenity test set forth in *Miller v. California* (1973), 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419. Defendant's reliance on *Pinkus v. United States* (1978), 436 U.S. 293, 98 S.Ct. 1808, 56 L.Ed.2d 293, is misplaced. The *Pinkus* court held that "children are not to be included as part of the 'community' as that term relates to the 'obscene materials,' and hence it was an error to instruct the jury that children are part of the relevant community." *Id.* at 293, 98 S.Ct. at 1809–1810, 56 L.Ed.2d at 296. There was no such instruction in the instant case; therefore, *Pinkus* is inapplicable.

Accordingly, the sixth assigned error is overruled.

### IV

The seventh and eighth assigned errors challenge instruction given in response to jury questions.

### A

█ Defendant argues that although the jury requested the dictionary definition of the term "pandering," such instruction by the court was erroneous. Defendant's argument is based on the fact that the term "pandering" appears only in the title of R.C. 2907.32, and, therefore, is not an element of the crime.

█ The court should have avoided instructing the jury on this matter. Despite this error, we conclude it was harmless. In a criminal case, the incidental mention, in the charge to the jury, of extraneous matter contained in the language of the statute defining the offense with which the defendant

is charged, but which is not included in the indictment, is not prejudicial where the general charge of the court is essentially correct and points squarely to the issues to be determined by the jury. *State v. Ball* (1964), 1 Ohio App.2d 297, 30 O.O.2d 304, 204 N.E.2d 557, paragraph six of the syllabus. In the instant case, the definition of "pandering" was extraneous matter. Although the definition was requested by the jury, it was not prejudicial when considered along with the general charge of the court.

Moreover, it does not appear that the "pandering" definition could have possibly contributed to defendant's conviction. *State v. Lewis* (May 6, 1982), Cuyahoga App. No. 43987, unreported, at 19, 1982 WL 5352.

Accordingly, this assigned error is overruled.

### B

Defendant's eighth assigned error argues that the court erroneously instructed the jury that there was a distinction between selling or renting a videotape and paying an admission fee to view a videotape. Defendant argues that the court should have instructed the jury that the two acts were not distinguishable. This argument lacks merit.

Jury instructions are to be tailored to the facts of each case. *Avon Lake v. Anderson* (1983), 10 Ohio App.3d 297, 10 OBR 472, 462 N.E.2d 188, paragraph three of the syllabus. Obviously, only those instructions which are applicable to the facts of the case should be given. *Id.* at 299, 10 OBR at 474, 462 N.E.2d at 190. The trial court must select and modify instructions to fit the particular facts of each case. *Id.* The court retains discretion to use its own language to communicate the same legal principles. *State v. Scott* (1987), 41 Ohio App.3d 313, 535 N.E.2d 379, paragraph three of the syllabus; *Frank, supra,* at 7.

Defendant was charged with violating R.C. 2907.32(A)(4), which prohibits, *inter alia*, "presenting an obscene performance when admission is charged." R.C. 2907.32(A)(2) prohibits, *inter alia*, the "sale or public dissemination of any obscene material." Defendant was not charged under this section.

In support of his "community standard" defense, defendant presented the testimony of a private investigator. It was through the investigator that the jury was first apprised of possible distinctions between selling or renting an obscene videotape and charging an admission to view an obscene videotape on store premises. Obviously, the jury's question as to whether the treatment under R.C. 2907.32(A)(4) differed regarding acts of selling or renting and charging admission was in response to the testimony of defendant's investiga-

tor. Thus, the court's explanation was proper because defendant was charged under R.C. 2907.32(A)(4) and not R.C. 2907.32(A)(2).

Accordingly, the eighth assigned error is overruled.

## V

Defendant's first assigned error argues that the court erred by failing to rule upon his written requests for jury instructions prior to closing arguments, we note the record does not contain a copy of the proposed jury instructions to which defendant refers; nor does the record show that the defendant filed proposed jury instructions. Thus, we must conclude that defendant did not file a written jury instruction request at the close of evidence pursuant to Crim.R. 30. Therefore, this argument lacks merit. See *State v. Fanning* (1982), 1 Ohio St.3d 19, 21, 1 OBR 57, 58, 437 N.E.2d 583, 585, and paragraph two of the syllabus.

## VI

Defendant's second and ninth assigned errors are interrelated and will be discussed jointly. Defendant contends in these assignments that he was prejudiced by the court's abuse of its discretion by (a) preventing defense counsel from making legal arguments and objections on the record, and (b) failing to grant defendant's motion for a new trial based on this arbitrary procedure. Defendant claims that from the close of evidence until the jury returned its verdict, the court denied defense counsel access to the record by informing defense counsel that no objections could be made and by instructing the court reporter not to note any such objections.

This court has stated that discretion is abused when a decision is arbitrary, fanciful or unreasonable, or when no reasonable man would take the view adopted by the trial court. *Sgro v. McDonald's Restaurant* (1984), 21 Ohio App.3d 41, 21 OBR 43, 486 N.E.2d 157, paragraph two of the syllabus; see, also, *Blakemore v. Blakemore* (1987), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141. Essentially, this same standard applies to a court's decision regarding a motion for a new trial. The Supreme Court of Ohio has stated that, "The term 'abuse of discretion,' as it relates to an order granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court in granting such motion." *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 127, 437 N.E.2d 1199, 1201; *Steiner v. Custer* (1940), 137 Ohio St. 448, 31 N.E.2d 855, paragraph two of the syllabus.

Without belaboring the point, the court clearly abused its discretion by prohibiting defense counsel from noting his objections in the record. Such

denial was a clear violation of defendant's constitutional right to a fair trial. Moreover, such action by the court clearly hindered this court's responsibility in determining whether the defendant did in fact receive a fair trial. Such exercise of discretion is clearly an abuse of discretion which causes this court to reverse defendant's conviction. See *State v. Acre* (1983), 6 Ohio St.3d 140, 6 OBR 197, 451 N.E.2d 802.

Accordingly, the second and ninth assigned errors are sustained.

## VII

Defendant's twelfth assigned error argues that the trial judge abused his discretion by failing to consider the statutory criteria for sentencing as set forth in R.C. 2929.22 and 2929.12, and, therefore, the sentence is a result of prejudice and bias. Defendant was sentenced to a term of ninety days' imprisonment, sixty days of which was suspended, and ordered to pay a fine of $1,000. He was placed on one year's probation. We note that defendant was not sentenced to the statutory maximum term of six months' imprisonment. See R.C. 2929.21.

R.C. 2929.22 sets forth various criteria to be considered by the court before it imposes sentence for misdemeanor offenses. Among the mandatory criteria is the obligation to consider these factors set forth in R.C. 2929.12 that favor a shorter term of imprisonment. See *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 529 N.E.2d 947; *State v. Cable* (1985), 24 Ohio App.3d 88, 24 OBR 158, 493 N.E.2d 285. A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

In this case, the record is silent as to whether the trial judge affirmatively considered the statutory criteria for sentencing set forth in R.C. 2929.12. We must therefore presume that the court considered those factors. *Adams, supra.* Moreover, we note that the sentence imposed was within the statutory limits set forth in R.C. 2929.21. While the sentence may appear to be a harsh one considering that defendant was simply an employee of the bookstore, we cannot conclude that the trial judge abused his discretion. See *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph one of the syllabus. Cf. *Fischer, supra,* at 21–22 (Defendant was sentenced to the statutory maximum term of six months' imprisonment, three months of which were suspended, and ordered to pay a fine of $1,000. He was placed on one year's probation.). The twelfth assigned error is overruled.

We, therefore, reverse and remand this matter to the trial court for further proceedings consistent with this opinion. It is so ordered.

*Judgment reversed and cause remanded.*

DYKE and NAHRA, JJ., concur.