OPINION
Defendant-appellant, Hadi Cheriki, files this appeal from the sentence imposed by the Berea Municipal Court. Defendant-appellant assigns one error for review. This court, finding no error, affirms the decision of the trial court.
On March 23, 1997, defendant-appellant was arrested and charged with domestic violence. On July 25, 1997, he pled guilty to domestic violence, a misdemeanor of the fourth degree. However, after being informed that his plea could lead to deportation, he filed a motion to vacate on September 30, 1997. A hearing was held on November 21, 1997, and after discussions with both parties, the trial court permitted defendant-appellant to plead guilty to disorderly conduct, a misdemeanor of the fourth degree. On November 21, 1997, defendant-appellant was sentenced to the maximum of thirty (30) days in jail and fined $250.
At that time, defense counsel argued that pursuant to discussions with the probation officer and prosecutor, defendant-appellant was to be placed on probation. The trial court responded that it was not involved in any negotiations concerning jail time and that it had never led any party to believe jail time would be suspended. A motion to modify the sentence was filed on December 15, 1997. This motion is presumed denied with the filing of a notice of appeal on December 19, 1997. See Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347. A stay was put on the execution of defendant-appellant's sentence pending this appeal.
Defendant-appellant states as his sole assignment of error:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE STATUTORY SENTENCING GUIDELINES AT THE SENTENCING HEARING AND IMPOSED TO MAXIMUM SENTENCE AND FINE.
Defendant-appellant argues the trial court sentenced defendant-appellant to the maximum jail time and ordered him to pay the maximum fine. As such, the trial court must consider on the record the statutory factors set forth in R.C. 2929.22 and R.C. 2929.12. Since the trial court failed to consider these factors, defendant-appellant argues the trial court abused its discretion in sentencing. We disagree.
R.C. 2929.22 provides:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
R.C. 2929.22(B) and (C) then provide factors which do not control the court's decision, but must be considered in favor or against the imposition of imprisonment. These factors include, but are not limited to, the dangerousness of the offender, whether the offender caused physical harm to any person, and whether the offender had shown serious remorse. See, also, R.C. 2929.12(C) and (E).
It is well established that a trial court has broad discretion in imposing a sentence on a defendant. Columbus v. Jones (1987)39 Ohio App.3d 87. The legislature enacted R.C. 2929.22 in an attempt to regulate the trial court's broad discretion in sentencing criminal defendants. State v. Stevens (1992), 78 Ohio App.3d 847,851. The statutory criteria of R.C. 2929.22 do not control the trial court's discretion; rather, the criteria provides a guide in exercising sentencing discretion. State v.Wagner (1992), 80 Ohio App.3d 88.
"Failure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 * * * absent a showing to the contrary." Id. at 95-96. See, also, Cleveland v.Buckley (1990), 67 Ohio App.3d 799. Therefore, since defendant-appellant's sentence was within the statutory limits, the burden is on defendant-appellant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Keaton (1996),113 Ohio App.3d 696; State v. Cyrus (1992), 63 Ohio App.3d 164.
In this case, defendant-appellant has failed to meet this burden. It is apparent that the trial court was mindful of the original charge, the original plea, and participated in a modification at defendant-appellant's request to avert potential deportation problems. Moreover, the court was made aware that: 1) there have been no incidents of criminal behavior since his arrest on March 23, 1997, 2) that he has a four-year-old daughter, 3) that he is currently going to counseling with his wife, and 4) that he is gainfully employed.
Additionally, after defendant-appellant made a statement to the court, the court questioned him on whether or not the police had been called to their house because of arguments. He answered that there had been one prior incident in June of 1996. Furthermore, during discussions with defense counsel, the trial court demonstrated that it understood the nature and circumstances of the offense; i.e., he "banged his wifes head against the wall repeatedly and punched her repeatedly in the presence of other people."
After considering the conduct that brought defendant-appellant to the courthouse, this court cannot say that the trial court abused its discretion as it relates to the sentence. Moreover, from a review of the record, it is clear the court considered many of the factors set forth in R.C. 2929.22 and R.C. 2929.12
such as the circumstances of the offense, whether this abuse has happened in the past, the injury to the victim, etc. See, e.g.,State v. Collins (Dec. 11, 1997), Cuyahoga App. No. 71717, 71718, unreported.
Moreover, a review of the record establishes the court considered that defendant-appellant's offense proximately resulted in the physical harm of another pursuant to R.C.2929.22(E). The court was also aware of defendant-appellant's current employment and ability to pay the fine. In fact, the court accommodated defendant-appellant by not requiring the sentence be served continuously thereby enabling him to keep his current employment. See, e.g., City of Cleveland v. Crawford
(Sept. 28, 1989), Cuyahoga App. No. 55899, 55900, unreported.[1]
Accordingly, we hold the trial court did not abuse its discretion by failing to consider the criteria set forth in R.C.2929.22 and R.C. 2929.12 in sentencing defendant-appellant to thirty (30) days in jail. Defendant-appellant's request to have this court impose a term of probation is denied. Additionally, since the court considered defendant-appellant's ability to pay the fine and that the offense proximately resulted in physical injury to another, it did not abuse its discretion in imposing the fine.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendants' conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, JUDGE.
SPELLACY, P.J., and KILBANE, J. CONCUR.
[1] It is interesting to note that the record does not reflect a motion to withdraw the ultimate guilty plea to disorderly conduct, but this court will not speculate as to the reasoning behind that decision.