JOURNAL ENTRY AND OPINION
Defendant-appellant Ernest D. Carty (appellant) appeals from the trial court's imposition of consecutive maximum prison terms of six months each for two counts of disseminating matter harmful to juveniles. For the following reasons, we vacate appellant's sentence and remand this case for re-sentencing.
On September 1, 1999, the grand jury issued a nine-count indictment charging appellant with two counts of pandering obscenity involving a minor (R.C. 2907.321), two counts of pandering sexually oriented matter involving a minor (R.C. 2907.322), four counts of illegal use of minor in nudity-oriented material or performance (R.C. 2907.323), and one count of possessing criminal tools (R.C. 2923.24). At his arraignment on September 16, 1999, appellant entered a plea of not guilty
On the recommendation of the prosecutor, counts one and two of the indictment were amended to disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(3). The remaining counts of the indictment were dismissed. Appellant retracted his former plea of not guilty and entered a plea of guilty to two counts of disseminating matter harmful juveniles. In a journal entry filed on December 20, 1999, the trial court sentenced appellant to consecutive prison terms of six months on each count. Therefrom, appellant filed a timely notice of appeal with this court.
 THE SENTENCING COURT COMMITTED AN ABUSE OF DISCRETION BY IMPOSING MAXIMUM, CONSECUTIVE PRISON TERMS FOR MISDEMEANOR CONVICTIONS WITHOUT CONSIDERING, AND IN CONTRAVENTION OF, THE SENTENCING FACTORS SET FORTH IN R.C. 2929.22, AND BY BASING ITS SENTENCE UPON IMPROPER CONSIDERATIONS.
In his sole assignment of error, appellant asserts that the trial court erred in imposing consecutive maximum six-month terms of imprisonment for two misdemeanors of the first degree.
 Appellant maintains that the trial court failed to consider the statutory factor set forth in R.C. 2929.22 and R.C. 2929.12. R.C. 2929.22 provides in part:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 (B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
(a) The offender is a repeat or dangerous offender.
 (b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 (c) The offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 (2) If the offense is a violation of section 2919.25
or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation and the court decides to impose a term of imprisonment upon the offender, the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender. (C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
 (D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
* * *
Pursuant to R.C. 2929.22(C), the sentencing court must also consider the mitigating factors listed in R.C. 2929.12(C) and (E). R.C. 2929.12(C) provides:
 The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
R.C. 2929.12(E) states:
 The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
As this court noted in Strongsville v. Cheriki (Mar. 4, 1999), Cuyahoga App. No. 73800, unreported.
It is well established that a trial court has broad discretion in imposing a sentence on a defendant. Columbus v. Jones (1987),39 Ohio App.3d 87, 529 N.E.2d 947. The legislature enacted R.C. 2929.22
in an attempt to regulate the trial court's broad discretion in sentencing criminal defendants. State v. Stevens (1992),78 Ohio App.3d 847, 851, 606 N.E.2d 970. The statutory criteria of R.C.2929.22 do not control the trial court's discretion; rather, the criteria provides a guide in exercising sentencing discretion.
State v. Wagner (1992), 80 Ohio App.3d 88, 608 N.E.2d 852.
"Failure to consider these criteria constitutes an abuse of discretion, but when
 the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 * * * absent a showing to the contrary." 80 Ohio App.3d at 95-96. See, also, Cleveland v. Buckley (1990), 67 Ohio App.3d 799, 588 N.E.2d 912. Therefore, since defendant-appellant's sentence was within the statutory limits, the burden is on defendant-appellant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Keaton (1996), 113 Ohio App.3d 696, 681 N.E.2d 1375; State v. Cyrus (1992), 63 Ohio St.3d 164, 586 N.E.2d 94.
In the instant case, appellant notes that the trial court failed to elude to any of the factors set forth in R.C. 2929.22 or R.C. 2929.12. This failure alone does not rebut the presumption that the trial court considered these sentencing criteria. Likewise, the absence of a presentence investigative report and victim impact statements does not constitute reversible error.
Appellant also insists that the trial court abused its discretion when it based his sentence on the original charges of the indictment, which were nolled and dismissed under a plea agreement. A sentencing court may consider the existence of other charges during sentencing, even if those charges have been dismissed as part of a plea agreement. State v. Ayala (Dec. 16, 1999) Cuyahoga App. No. 75207, unreported, citing State v. Jackson (Sept. 22, 1994), Cuyahoga App. No. 65566, unreported; State v. Wiles (1991), 59 Ohio St.3d 71, 78. But see State v. Wells (Mar. 11, 1999), Cuyahoga App. No. 73977, unreported ("Courts have held that, when imposing sentence for a conviction on a lesser included offense, the trial court should not consider the higher offense for which the defendant was not convicted."); State v. Patterson (1996),110 Ohio App.3d 264, 270-271 ("It was error for the trial court to impose a more severe sentence because of the trial court's belief that the jury was mistaken in finding the defendant not guilty of another offense.").
 The trial court's sentence appears to be motivated in large part by its perception that appellant received a favorable plea agreement. Even more perplexing is the fact that the trial court applied verbatim R.C. 2929.14(C) and (E)(4). R.C. 2929.14 provides the criteria for imposing prison terms for a felony. As noted above, the trial court did not even elude to the appropriate factors for imposing a sentence for a misdemeanor. In addition, we note that the trial court's sentencing order purported to sentence appellant for the felony of pandering obscenity involving a minor as opposed to the misdemeanor he pled guilty too, viz., disseminating matter harmful to juveniles.
Based upon the cumulative effect of the foregoing, we find that the trial court failed to consider the appropriate criteria during the sentencing hearing. Therefore, we vacate the sentence imposed by the trial court. Upon remand, we direct the court to carefully consider all relevant criteria, including the mitigating factors in R.C. 2929.12(C)(3) and (4) and R.C. 2929.12(E)(2),(3), (4) and (5). After conducting the re-sentencing hearing, we instruct the court to issue a new sentencing order accurately reflecting the charges to which appellant entered a guilty plea.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
JOHN T. PATTON, P.J. and MICHAEL J. CORRIGAN, J. CONCUR.
 _________________________ LEO M. SPELLACY, JUDGE