JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Benjamin C. Butler (d.o.b. December 13, 1955) appeals from the trial court's sentence following his guilty plea to one count each of aggravated robbery in violation of R.C. 2911.01
(with a prior conviction specification and repeat violent offender specification) in connection with his 2001 theft of a Sony Playstation video game platform from an electronics store, and assaulting a police officer during the commission of the theft in violation of R.C. 2903.13. For the reasons adduced below, we vacate the sentence in its entirety, and reverse and remand for re-sentencing.
{¶ 2} The record indicates that after accepting the appellant's plea of guilty, appellant apologized for having struck the police officer. Tr. 24. The court then summarily noted for the record appellant's criminal history: (1) plea of guilty in 1999 to attempted felonious assault for which appellant was sentenced to one year imprisonment, see Cuyahoga County Common Pleas Court, General Division, Case No. CR-382903; (2) possession of drugs, a fifth degree felony, for which appellant was sentenced to six months, see Cuyahoga County Common Pleas Court, General Division, Case No. CR-371085; (3) theft, a fifth degree felony, see Cuyahoga County Common Pleas Court, General Division, Case No. CR-369201, for which appellant was sentenced to six months concurrent to CR-371085; (4) burglary, for which appellant was sentenced in 1989 to 5 to 15 years; (5) robbery and felonious assault, see Cuyahoga County Common Pleas Court, General Division, Case No. CR-235227; (6) theft, see Cuyahoga County Common Pleas Court, General Division, Case No. CR-228442, for which appellant was sentenced to one year imprisonment; (7) theft, see Cuyahoga County Common Pleas Court, General Division, Case No. CR-227812, for which appellant was sentenced to one year imprisonment; (8) carrying a concealed unloaded weapon, for which appellant was sentenced to a fine of $100 plus costs in 1982; (9) sometime prior to the 1982 weapons conviction, a case where we don't know what happened there. Tr. 25-26. Immediately after iterating this brief history the trial court stated laconically, Four years LCI and court costs, Mr. Butler. Good luck, sir. Tr. 26.
{¶ 3} In the February 7, 2002 judgment order memorializing the sentencing, the trial court stated the following in pertinent part:
 {¶ 4} Defendant retracts former plea of not guilty and enters a plea of guilty to aggravated robbery * * * as charged in count one; assault on a peace officer * * * as amended in count two.
 {¶ 5} Court finds defendant guilty. Count three is nolled.
 {¶ 6} The court considered all of the required factors of the law.
 {¶ 7} The court finds that prison is consistent with the purposes of R.C. 2929.11.
 {¶ 8} The court imposes a prison term at Lorain Correctional Institution of 4 years on count one and four years on count two, counts to run concurrent to each other. Defendant to receive 120 days jail time credit, to date. Post release control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28. Defendant is to pay court costs.[1]
{¶ 9} Appellant filed his notice of appeal on February 12, 2001.
{¶ 10} Appellant's lone assignment of error states the following: The trial court committed prejudicial error in failing to follow the sentencing guidelines set forth in the Ohio Revised Code. Within this assignment appellant argues two distinct issues. First, without indicating which offense applies, that the court erred in not stating the factors upon which it relied in sentencing him to more than the minimum available term. Second, that the court's sentence on the assault offense was greater than the maximum available term.
{¶ 11} R.C. 2929 governs criminal penalties and sentencing. In general, penalties for felony offenses are established in R.C. 2929.11
through 2929.20. R.C. 2929.11 provides the purpose of felony sentencing:
 {¶ 12} (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 13} (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 14} (C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.
{¶ 15} R.C. 2929.12 provides a non-exhaustive list of seriousness and recidivism factors the court shall consider in felony sentencing.
{¶ 16} R.C. 2929.13 provides guidance for the imposition of imprisonment. In particular, section (B)(1) and (2) identifies a list of factors to be considered by the trial court when sentencing an offender for a fourth or fifth degree felony:
 {¶ 17} (B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 18} (a) In committing the offense, the offender caused physical harm to a person.
 {¶ 19} (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 20} (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 21} (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 22} (e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 23} (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321
[2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
 {¶ 24} (g) The offender previously served a prison term.
 {¶ 25} (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 26} (i) The offender committed the offense while in possession of a firearm.
 {¶ 27} (2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 28} (b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
{¶ 29} Furthermore, R.C. 2929.13(D), which applies to first degree felonies such as the aggravated robbery offense herein, mandates that there is a presumption of imprisonment for such felonies. This presumption is further found in R.C. 2929.13(F)(4). However, notwithstanding this presumption, the trial court may impose community control sanctions in lieu of a prison term if the court finds both of the following:
 {¶ 30} (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 31} (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense. R.C. 2929.13(D)(1) and (2).
{¶ 32} R.C. 2929.14 governs incarceration and provides basic felony prison terms.
{¶ 33} R.C. 2929.19(B)(2)(a) mandates, in part, that the trial court, when imposing a prison sentence, shall make certain findings with respect to fourth and fifth degree felony offenders, stating its reasons for imposing the prison term based upon the application of R.C. 2929.11
and 2929.13(B)(1)(a)-(i).
{¶ 34} R.C. 2953.08(A) permits an offender to appeal the imposed sentence on the following relevant grounds:
 {¶ 35} (2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth * * * degree * * *, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. * * *
{¶ 36} * * *
{¶ 37} (4) the sentence is contrary to law.
{¶ 38} R.C. 2953.08(G) provides:
 {¶ 39} (G)(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.
 {¶ 40} (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 41} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 42} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 43} (b) That the sentence is otherwise contrary to law.
{¶ 44} As a threshold matter in the case sub judice, the trial court was not required to impose the minimum term pursuant to R.C.2929.14(B) because appellant had previously served a prison term. See R.C. 2929.14(B). Furthermore, with regard to the aggravated robbery offense herein, the court was not required to make a finding and state its reasons for selecting the sentence imposed because none of the circumstances listed in R.C. 2929.19(B)(2)(a)-(e) apply. Since the four-year sentence imposed for the aggravated assault offense was within the available range of imprisonment we presume that the trial court followed the appropriate sentencing criteria. Cleveland v. Buckley (1990), 67 Ohio App.3d 799.
{¶ 45} With regard to the assault offense, the trial court was still required to consider during sentencing the applicable factors contained in R.C. 2929.12 and 2929.13, and state findings on the record which contain its reasons for the sentence imposed based on these factors, when imposing the sentence. See State v. Edmonson,86 Ohio St.3d 324, 326-327, 1999-Ohio-110, 715 N.E.2d 131; State v. Kawaguchi (Cuyahoga, 2000), 137 Ohio App.3d 597, 739 N.E.2d 392. While the trial court summarized the offender's criminal history at the sentencing hearing, the fact remains that the sentencing transcript contains no findings by the trial court stating its reasons for the sentence which was imposed. One cannot infer from the transcript provided that from simply noting the offender's criminal history the court found on the record that it used this history as a reason supporting the imposed sentence. Thus, as the Edmonson court reasoned, `obviously, without the finding itself, the court also fails to provide the necessary finding that gives its reasons.' R.C. 2929.19(B)(2)(d). Kawaguchi,137 Ohio App.3d at 609, citing Edmonson, supra, 86 Ohio St.3d at 329. Furthermore, the cursory comment in the sentencing order, that the court considered all of the required factors of the law, does not clearly and convincingly support the conclusion that the trial court considered the factors it was statutorily mandated to consider when imposing the sentence. Kawaguchi, 137 Ohio App.3d at 605.
{¶ 46} Accordingly, the appellant's first sub-argument is well taken in part. The sentence must be vacated and the matter remanded so that the trial court may apply the statutory guidelines and state its reasons on the record for the sentence to be imposed.
{¶ 47} As for the second sub-argument, it is obvious that the trial court greatly exceeded the available term for the assault offense. This sentence is void and the matter remanded with instructions for the trial court to, in addition to following the sentencing guidelines and stating its reasons for the sentence to be imposed, to be mindful of the available term for the assault offense when sentencing on that offense.
Sentence vacated in its entirety, and the matter remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., CONCURS; COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The aggravated robbery offense is a first degree felony. R.C.2911.01. A first degree felony carries a potential term of 3, 4, 5, 6, 7, 8, 9 or 10 years, and a fine of up to $20,000. R.C. 2929.14(A)(1) and2929.18(A)(3)(a). Assaulting a police officer is a fourth degree felony. R.C. 2903.13. A fourth degree felony carries a potential term of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 or 18 months, and a fine of up to $5,000. R.C. 2929.14(A)(4) and 2929.18(A)(3)(d).