JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant David Hill appeals from his conviction and sentence. For the reasons that follow, we affirm in part, reverse in part and remand for resentencing.
 {¶ 2} Defendant was indicted for two counts of felonious assault with firearm and peace officer specifications, failure to comply with order of a police officer, carrying a concealed weapon, possession of drugs, and trafficking in drugs. The charges arose from an incident occurring on October 29, 2002. Defendant was stopped for running a red light and asked for his identification. The officer asked defendant to get out of the car but defendant drove off at a high rate of speed. The officers followed.
 {¶ 3} Defendant pulled into a driveway and ran from the car into a residential area. Two officers chased defendant on foot. Defendant shot at one of the officers and police returned fire in his direction and ordered him to discard his weapon and surrender. Police backup arrived and a helicopter spotlight revealed defendant laying behind a shed. The officers arrested defendant and found a gun next to him on the ground.
 {¶ 4} The defense moved for acquittal and the court granted the motion in part by dismissing count five and a specification on count two. The balance of the charges remained for resolution by the jury. The jury found defendant guilty of felonious assault, failure to comply with order of a police officer, and carrying a concealed weapon. The jury found defendant not guilty of possession of drugs. Thereafter, defendant was sentenced and this appeal followed. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 {¶ 5} "I. Defendant was denied due process of law and his right to a fair and impartial jury when the court improperly granted to the prosecutor an additional peremptory challenge."
 {¶ 6} The trial court denied the State's motion to dismiss a juror for cause. (Tr. 128-129). Under Crim.R. 24, each party had four peremptory challenges. The record reveals that the State only utilized two of its peremptory challenges; one of which removed the subject juror. (Tr. 159).
 {¶ 7} Accordingly, Assignment of Error I has no merit and is overruled.
 {¶ 8} "II. Defendant was denied due process of law when the court omitted an element of the offense of felonious assault involving a peace officer."
 {¶ 9} Because defendant failed to object to the jury instructions, we review the failure to give the identified instruction for plain error. The standard for plain error is "but for the error, the outcome of the trial clearly would have been otherwise." McKee, 91 Ohio St.3d at 294, citing Crim.R. 52(B);State v. Johnson (2000), 88 Ohio St.3d 95. "Failure of a trial court to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim.R. 52(B)."State v. Adams (1980), 62 Ohio St.2d 151, paragraph two of the syllabus. "Where a trial court's failure to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged is asserted to be plain error under Crim.R. 52(B), the reviewing court must examine the record in order to determine whether that failure may have resulted in a manifest miscarriage of justice. State v. Long,53 Ohio St.2d 91, paragraph three of the syllabus, approved and followed." Id., at paragraph three of the syllabus.
 {¶ 10} Defendant invites us to redefine the elements of felonious assault contained in R.C. 2903.11 by inserting additional language that appears in R.C. 2903.13 and then find error in the trial court's failure to do the same in its instructions to the jury. Particularly, defendant urges us to include the additional element that the officer be "in the performance of official duty" when the assault occurs.
 {¶ 11} The absence of the "in the performance of official duties" language in the identified instruction fails to establish the requisite plain error because the inclusion of this language would not have clearly affected the outcome of the trial. This is because it remains undisputed that the officers were on duty at the time the offense occurred.
 {¶ 12} Moreover, neither R.C. 2903.11 nor 2903.12 include the subject language contained in R.C. 2903.13. At least one other court has accepted, without question, the legislature's intent to enhance the criminality of assaulting a police officer under those statutes. State v. Duvall (June 6, 1997), Cuyahoga App. No. 95-P-0141. Thus, when reading the assault statutes as a whole and construing them with reference to each other (i.e., in pari materia), it becomes apparent that the additional "in the performance of official duties" language that the legislature included in R.C. 2903.13 is the exception rather than the rule.
 {¶ 13} For these reasons, Assignment of Error II is overruled.
 {¶ 14} "III. Defendant was denied due process of law when the court modified the definition of proof beyond a reasonable doubt."
 {¶ 15} As is pertinent to this alleged error, the trial court instructed the jury as follows:
 {¶ 16} "Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely on it and act upon it when conducting life's most important affairs." (Tr. 596).
 {¶ 17} Defendant did not object to this instruction below and thus our review is confined to that of plain error. Ibid. Recently, this Court addressed this issue under factually analogous circumstances. State v. Axson, Cuyahoga App. No. 81231, 2003-Ohio 2182, ¶ 109. Coincidentally, this Court examined the exact same language in the portion of the jury charge under our examination in Axson that is at bar in this case and set forth above. The defendant in Axson, like the defendant herein, urged reversal in reliance upon Cleveland v. Buckley (1990),67 Ohio App.3d 799.[1] This Court found Buckley
distinguishable and overruled the alleged error pursuant to the following reasoning:
 {¶ 18} "Buckley is not dispositive. While the trial court's instruction herein did not exactly mirror the statutory definition of reasonable doubt, the instruction did not, unlike the Buckley instruction, serve to lessen the State's burden of proof by using the verb `conducting' in relation to `life's most important affairs.' If anything, the definition as given increased the State's burden. In the alternative, the failure to object to the instruction given by the court constituted harmless error in that, but for the claimed error, the result of the trial would not reasonably have been different." Faced with indistinguishable circumstances, we resolve this matter in accordance with the aforementioned holding of Axson.
 {¶ 19} Assignment of Error III is overruled.
 {¶ 20} "IV. Defendant was denied due process of law when he was given an enhanced sentence without the prosecution proving a culpable mental state.
 {¶ 21} "V. Defendant was denied due process of law when the court failed to define what was a lawful police order."
 {¶ 22} Because the defendant did not object to the jury instructions relevant to these assigned errors, we may only reverse upon a finding of plain error. Ibid.
 {¶ 23} First, defendant contends that his constitutional rights were violated because the trial court did not require the jury to find that defendant knew he was firing at police officers. The subject statute does not require that the offender know that the victim is a police officer in order to enhance the degree of the offense under the statute at issue. Yet, defendant urges us to impose a culpable mental state into the law for the police officer specification to the charge of felonious assault in the indictment. The court did instruct the jury that in order to find defendant guilty of felonious assault as indicted, they must find that defendant "knowingly caused or attempted to cause physical harm to [the police officer] by means of deadly force" as required by the statute. In addition, the record reveals that the victim officer, who was in a patrol car on duty, first stopped and confronted defendant for a traffic violation. Defendant decided to flee from the officer and then shot at the officer when he pursued. Under these circumstances, it would be illogical to conclude that the defendant was unaware of the alleged victim's status as a police officer. Thus, the alleged error does not constitute plain error.
 {¶ 24} Next, defendant complains that the trial court erred by not satisfactorily defining the meaning of a lawful police order. Defendant relies upon the following excerpt from Szymczakv. Midwest Premium Finance Co. (1984), 19 Ohio App.3d 173:
 {¶ 25} "Upon proper request a general duty is imposed on the trial court to define technical and legal terms which have a meaning not generally understood by the average juror. [citation omitted]" (Emphasis added.)
 {¶ 26} Based on the quoted law, we need not reach the issue of whether the phrase "lawful police order" is or is not generally understood by the average juror. Defendant did not request the trial court to elaborate upon the definition of "lawful police order" nor did defendant object to the trial court's instructions to the jury in this regard.
 {¶ 27} Based upon the foregoing, Assignments of Error IV and V are overruled.
 {¶ 28} "VI. Defendant was denied due process of law when he was convicted of criminal offenses based on unlawful police activities."
 {¶ 29} R.C. 2935.031 sets forth the "policy for pursuit in motor vehicle" as follows:
 {¶ 30} "Any agency, instrumentality, or political subdivision of the state that employs a * * * police officer, * * * shall adopt a policy for the pursuit in a motor vehicle of any person who violates a law of this state or an ordinance of a municipal corporation. * * *"
 {¶ 31} The General Police Order, Cleveland Division of Police, effective December 2, 1999, provides in pertinent part as follows:
 {¶ 32} "II. Conduct of Pursuits:
 {¶ 33} "Initiation of a Pursuit:
 {¶ 34} "* * *
 {¶ 35} "2. Any law enforcement officer, in an authorized vehicle, may initiate a vehicular pursuit when both of the following criteria are met:
 {¶ 36} "a) The suspect operating the vehicle refuses to stop at the direction of the officer and flees apprehension for an alleged felony or misdemeanor where a full custody arrest is authorized; and,
 {¶ 37} "b) The suspect, if allowed to flee, presents a danger to human life or may cause serious injury."
 {¶ 38} Defendant "refused to stop" when the officers pulled him over for a traffic violation, ordered him to produce a valid license, and instead of complying with police orders, he chose to flee in his vehicle at a high rate of speed. Failure to comply with a lawful police order is a first degree misdemeanor under R.C. 2921.331.
 {¶ 39} In addition to committing a traffic violation, failing to comply with police orders, and speeding, defendant hastily abandoned his vehicle in a residential area and ran. Shortly thereafter, gunshots were fired at the officers from the direction in which defendant had fled. Based on this record, we find that it was reasonable for the officers to conclude that the defendant, if allowed to flee, presented a danger to human life or could have caused serious injury.
 {¶ 40} Assignment of Error VI is overruled.
 {¶ 41} "VII. Defendant was denied due process of law when the court overruled his motion for judgment of acquittal."
 {¶ 42} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 43} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 44} Defendant maintains that the record fails to establish the requisite elements of carrying a concealed weapon and/or felonious assault. We disagree. Construing the evidence in a light most favorable to the State, as we must, we find that a rational trier of fact could have found the essential elements of the respective crimes. The officers testified that they chased defendant until he began firing at them with a gun. The fact that the gun was ultimately recovered on the ground next to the defendant in plain view does not preclude a finding that the defendant had the gun concealed on his person from the time he was stopped until he decided to use it on the officers. Further, the fact that defendant failed to hit anyone with a bullet is irrelevant to a sufficiency determination under R.C.2903.11(A)(2). The statutory elements are also satisfied where one knowingly attempts to cause physical harm to another by means of a deadly weapon or dangerous ordnance. R.C.2903.11(A)(2).
 {¶ 45} Assignment of Error VII is overruled.
 {¶ 46} "VIII. Defendant was denied due process of law when the court sentenced defendant to more than a minimum sentence."
 {¶ 47} R.C. 2929.14(B) provides as follows:
 {¶ 48} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 49} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 50} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 51} The Supreme Court has recently held, as follows: "[i]nState v. Edmonson (1999), 86 Ohio St.3d 324, we interpreted [the phrase `on the record'] `to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.' * * * Therefore, we construe `on the record' to mean that oral findings must be made at the sentencing hearing. Accordingly, we hold that pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer, 99 Ohio St.3d 464, 2003-Ohio-4165.
 {¶ 52} The trial court need not give its reasons for imposing more than the minimum authorized sentence; however, it must be clear from the record that the trial court engaged in this analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Edmonson, supra; State v. Smith, Cuyahoga App. No. 82423, 2003-Ohio-4072.
 {¶ 53} Subsequent to the release of Edmonson, this Court has held that it is not necessary for the trial court to use the exact language of R.C. 2929.14(B), as long as it is clear from the record that the trial court made the required findings. See State v. Williams (Feb. 7, 2002), Cuyahoga App. No. 79273.
 {¶ 54} The trial court imposed a sentence greater than the minimum in this case and there is nothing to suggest that defendant has previously served a prison term and/or was serving a prison sentence at the time sentence was imposed. While we do not disagree with the sentence imposed by the court and find that its reasoning supports the sentence, the law compels us to sustain this error because there is not a R.C. 2929.14(B)(2) finding "on the record" as required by that statute and the precedent of Edmonson and Comer, supra.
 {¶ 55} Assignment of Error VIII is sustained.
 {¶ 56} The judgment is affirmed in part, reversed in part and remanded for resentencing.
Blackmon, P.J., and Rocco, J., concur.
It is ordered that appellee and appellant share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The Court in Buckley, when instructing the jury, altered the statutory definition of reasonable doubt in part to "in the conduct of his own affairs" as opposed to "in the most important of his own affairs." The appellate court reasoned that this was prejudicial in that it lessened the State's burden by allowing a juror to consider his/her conduct of "everyday" life affairs rather than the "most important of his own affairs" as was intended by the legislature.