JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant David Hill appeals from the trial court's decision at a resentencing hearing again to impose an aggregate sentence of twelve years for his convictions for felonious assault with firearm and peace officer specifications, failure to comply with the order of a police officer, and carrying a concealed weapon.
 {¶ 2} Hill asserts the trial court failed to conduct a proper resentencing hearing and imposed a sentence which was illegally excessive. This court disagrees. Consequently, Hill's sentence is affirmed.
 {¶ 3} The facts resulting in Hill's convictions originally were set forth in State v. Hill, Cuyahoga App. No. 83078, 2004-Ohio-1248. Succinctly stated, Hill drove his vehicle through a red light, fled after police attempted to make a traffic stop, eventually escaped from his vehicle on foot, and fired a handgun at the officers before he surrendered. After a jury trial, he was found guilty of the aforementioned charges. The trial court sentenced Hill to a mandatory three years on the gun specification, to be served prior to and consecutive to nine years on the charge of felonious assault on a peace officer, and ordered the six-month term on the other count to run concurrently.
 {¶ 4} Upon review of Hill's assignments of error, this court affirmed Hill's convictions, but found some merit to his argument with respect to his appeal of his sentence, viz., that the trial court had committed error in sentencing him on the first-degree felony charge. Specifically, this court stated at ¶ 54 of the opinion as follows:
 {¶ 5} "The trial court imposed a sentence greater than the minimum in this case and there is nothing to suggest that defendant has previouslyserved a prison term and/or was serving a prison sentence at the timesentence was imposed. While we do not disagree with the sentence imposed
by the court and find that its reasoning supports the sentence, the law compels us to sustain this error because there is not a R.C. 2929.14(B)(2)finding `on the record' as required by that statute * * *." (Emphasis added.)
 {¶ 6} Thus, the case was reversed only in part "and remanded for resentencing." The Ohio Supreme Court did not allow Hill's request to allow a discretionary further appeal. State v. Hill, 103 Ohio St.3d 1426,2004-Ohio-4524.
 {¶ 7} The trial court duly scheduled a resentencing hearing upon remand of the case. Although the prosecutor's office sent no representative, Hill appeared with counsel. The trial court invited counsel and Hill to make comments; significantly, Hill indicated he believed there was "nothing really improper about" the sentence originally imposed.
 {¶ 8} The trial court indicated it had reviewed the record and the facts of the case, and made a "finding today, upon review of the record, that the imposition of the minimum term that is called for under the felonious assault would, in the eyes of this Court, demean the serious nature of this offense." Furthermore, "it would not adequately protect the public from future crime by the defendant, because of the nature of this crime, as well as defendant's other conviction." (Emphasis added.) The trial court thereupon imposed upon Hill the same aggregate term it originally had ordered in the case.
 {¶ 9} In the instant appeal, Hill again challenges the trial court's decision to impose upon him a nine-year term for the felonious assault conviction.
 {¶ 10} He presents the following assignments of error:
 {¶ 11} "I. Defendant was denied due process of law when the trial court did not properly conduct a resentencing hearing.
 {¶ 12} "II. Defendant was denied due process of law when he was given a greater sentence based upon elements which are subsumed within the statutory offense.
 {¶ 13} "III. Defendant was denied due process of law when he was sentenced based upon factors not alleged in the indictment nor found by the jury."
 {¶ 14} In his first assignment of error, Hill complains that the trial court did not conduct a complete sentencing hearing "de novo." Hill's second assignment of error essentially asserts the trial court did not adequately justify its decision to impose more than the minimum term for Hill's commission of the particular first-degree felony of felonious assault on a peace officer. A review of the transcript of the sentencing hearing, however, renders Hill's claims unpersuasive.
 {¶ 15} Initially, this court notes that neither defense counsel nor Hill raised any objection to the manner in which the trial court conducted the matter. Consequently, Hill waived any argument on this issue for purposes of appeal. State v. Williams (1977), 51 Ohio St.2d 112.
 {¶ 16} In any event, the record reflects the trial court's actions were appropriate. In its opinion with regard to Hill's original appeal, this court stated that although the sentence imposed was "supported," in order to comply fully with R.C. 2929.14(B)(2), the trial court was required to supply a "missing" finding. This pronouncement became the law of the case. State v. Moore, Cuyahoga App. No. 83703, 2004-Ohio-6303.
 {¶ 17} The transcript of the resentencing hearing demonstrates the trial court in this case understood its duties and complied with its mandate. The trial court supplied an R.C. 2929.14(B)(2) "missing" finding by stating that a minimum term would diminish the serious nature of the offense and would not adequately protect the public from future crime.
 {¶ 18} In his third assignment of error, Hill asserts the trial court's sentence is contrary to the Unites States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S., 124 S.Ct. 2531. His assertion is rejected for the following reasons.
 {¶ 19} First, the record reflects Hill never raised the constitutionality of the Ohio sentencing statute on any ground as an issue below. Williams, supra.
 {¶ 20} Moreover, Blakely is not implicated in this case. The record reflects that in determining the appropriate sentence, the trial court additionally relied upon Hill's "other" conviction, and Hill neither argued that his "other" conviction was not a prior conviction for which he previously had served a prison term, nor demonstrated on the record that the trial court's reliance on the conviction constituted error.
 {¶ 21} Blakely, on the other hand, applied a previous United States Supreme Court decision to a sentencing proceeding, viz., Apprendi v. NewJersey (2000), 530 U.S. 466, and held that a trial court cannot use any fact other than a prior conviction to sentence a defendant to more than the statutory maximum, unless that fact was found beyond a reasonable doubt by a jury.
 {¶ 22} Presuming regularity below, this court will treat the "other" conviction as a prior conviction for purposes of Blakely since Hill failed to object; as the petitioner did in Blakely, it is incumbent upon a defendant to object below in order for error to be avoided.
 {¶ 23} The record demonstrates the trial court complied with its duties in pronouncing sentence, accordingly, Hill's assignments of error are overruled. State v. Comer, 99 Ohio St.3d 464, 2003-Ohio-4165, ¶ 26;State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 24} The trial court's order of sentence is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Kilbane, J. Concur.