CITY OF AVON LAKE, APPELLEE, *v.*
ANDERSON, APPELLANT.

298

(No. 3491—Decided September 22, 1983.)

*Mr. Douglas Brill,* city prosecutor, for appellee.

*Mr. Michael F. Becker,* for appellant.

GEORGE, J. After shopping at the Avon Lake Drug Mart the defendant, Gari Anderson, was arrested for a state offense of petty theft and a city offense of carrying a concealed weapon.

A trial by jury was had. Anderson moved for a judgment of acquittal at the end of the prosecution's case and again at the end of his case. The trial court denied both motions. Thereafter, the jury returned verdicts of guilty on each offense.

There was no testimony which was contradictory to Anderson's that he worked for Anderson Steamship Agency and that his job occasionally involved the collection of freight payments. On the day of his arrest, according to Anderson, he intended to stop at the Avon Lake Drug Mart ("Drug Mart") in Avon Lake, Ohio, to pick up a prescription and to buy picture frames for several certificates. He had some certificates with him in order to select the appropriate size picture frames.

While in the Drug Mart, store security observed Anderson pick up two rolls of plastic tape, a package of thumbtacks, a small package of two four-watt light bulbs, a package of hanging wire and two packages of picture hangers. Anderson ordered and paid for his prescription at the pharmacy. He then spent twenty to forty minutes selecting twelve picture

frames which he paid for upon exiting the store. However, the other items were not paid for and store security observed Anderson place each of them in his trench coat pockets while he was in the store. No one had observed Anderson take a package of Bianca breath drops, although it too had not been paid for.

Upon being apprehended, Anderson indicated that he had a gun on his person. A Browning .25 caliber automatic revolver was taken from his inside suit jacket pocket.

Anderson argues that the evidence in this case (some eight items of merchandise found on his person at the time of detention) was not properly admitted into evidence. He urges error was committed when the chain of custody was not properly maintained. Anderson points to a gap in time immediately prior to trial, when the prosecutor took possession of the items of evidence from the store security officer in order to mark them for identification to expedite their introduction at trial.

Each item offered into evidence was initialed by two store security officers and each was identified by both officers as the items found on Anderson. Further, one officer identified his initials on the items, providing positive and direct identification. Therefore, this assignment of error lacks merit. *State* v. *Moore* (1973), 47 Ohio App. 2d 181, 183 [1 O.O.3d 267]; and *State* v. *Conley* (1971), 32 Ohio App. 2d 54, 59 [61 O.O.2d 50].

Anderson next argues that he attempted to negate the required mental culpability of the theft offense by showing that he was absentminded. Anderson testified that just prior to being apprehended he left a large package of four light bulbs at the frame counter, which he had intended to purchase. When Anderson offered a facsimile of the large package of light bulbs into evidence, the court disallowed admission of this item.

It is to be noted that the jury did observe the large package of light bulbs

which Anderson claimed was similar to the one he had forgotten.

Anderson was permitted to have admitted into evidence the clipboard he was carrying while in the Drug Mart, the pharmacy bag that his prescription came in, three certificates for which frames were not purchased, along with twelve picture frames which he did purchase.

It is within the trial court's discretion whether to allow or disallow a given exhibit. Such discretion will not be disturbed unless an abuse of it has been shown. Evid. R. 402; and *State* v. *Williams* (1983), 4 Ohio St. 3d 53. No abuse of discretion has been shown, nor has any prejudice to Anderson been demonstrated by the trial court's refusal to admit the large light bulb package.

This assignment of error is overruled.

Next, Anderson argues that the trial court improperly instructed the jury on the definition of the word "purpose." Anderson reasons that since only part of the statutory definition was applicable to a theft offense, that the court should only have instructed the jury on the applicable portion, rather than providing the entire definition.

R.C. 2901.22(A) defines the word "purposely." The trial court instructed the jury as follows:

"A person acts purposely when it is his specific intention to cause a certain result or when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

This is the language of the statute, R.C. 2901.22(A). Anderson argues, however, that the trial court should only have instructed the jury that:

"A person acts purposely when it is his specific intention to cause a certain result." See 4 Ohio Jury Instructions (1981) 59, Section 409.01(2).

And that the trial court should not have included the language that:

"* * * the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby * * *." See 4 Ohio Jury Instructions, *id.* at Section 409.01(3).

Anderson claims that by giving a definition of purpose, which included both result and conduct, that the jury was confused.

Jury instructions are to be tailored to the facts of each case. Patterned instructions are designed to aid the court in preparation of the charge to the jury. Obviously, only those instructions which are applicable to the facts of the case should be given. The trial judge must select and modify instructions to fit the particular facts of each case. Here, it was incorrect to give both result and conduct as such instruction could have been confusing.

While the trial court's instruction included more than was necessary for the definition of the word "purpose," as contemplated by the petty theft statute, such instruction was not reversible error.

Finally, Anderson claims that the jury verdict was against the manifest weight of the evidence as to the finding of guilt on the offense of carrying a concealed weapon.

Anderson relied upon the affirmative defenses set out in the ordinance:

" 'No. 1, the weapon was carried or kept ready at hand by the actor for defensive purposes while he was engaged in or was going to or from his lawful business or occupation, which business or occupation was of such character or was necessarily carried on in such manner or at such time or place as to render the actor particularly susceptible to criminal attack, such as would justify a prudent man in going armed.

" 'No. 2, the weapon was carried or kept ready at hand by the actor for defensive purposes while he was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon himself,

such as would justify a prudent man in going armed.' "

The jury heard the testimony of the prosecuting witnesses, along with that of Anderson. Anderson testified that he had not experienced being accosted as a result of his occupation; that his normal procedure was to disassemble his revolver at his eastern Avon Lake home; that he worked in Cleveland; and, that on the day of his arrest he carried the revolver into western Avon Lake where the Drug Mart is located, approximately twenty-five miles west of Cleveland. The jury is the sole judge of the weight of the evidence and the credibility of the witnesses. Where there is a conflict of evidence, the jury is to resolve the conflict. *State* v. *Walker* (1978), 55 Ohio St. 2d 208 [9 O.O.3d 152].

A reviewing court will not substitute its judgment for that of the jury when there is sufficient evidence present in the record to establish Anderson's guilt beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340].

This assignment of error is overruled and the judgment of conviction is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.