OPINION
Defendant-appellant, Jason Smith, appeals his conviction in Butler County Common Pleas Court for attempted burglary and receiving stolen property.
Tiffany Pease ("Pease") resided in a ground-floor condominium in Union Township in Butler County. On the morning of December 28, 1999, Pease secured her sliding glass door by placing a broomstick in the door frame because she had discovered that the lock was broken. That evening, around 7:40 p.m., she heard thumps at her sliding glass door and, peering through her blinds, observed an individual running away from her patio area. The police responded and stopped appellant walking about two-tenths of a mile from the Pease residence. Appellant initially told police that he was in the area to visit friends. Subsequently he told police that he was visiting his brother, but later said he was visiting friends he did not wish to name.
Pease described the individual she saw behind her condo as probably a male with brown skin and less than six-feet tall, who appeared to be of stocky build, with a stocking cap pulled tightly to his head, a lighter-colored jacket and blue jeans. Pease was taken to the station and viewed appellant through a window and was unable to say that the appellant was the person she observed. Appellant is an African-American male, who was wearing a light-colored jacket with several layers of clothing underneath and tan or dark Khaki pants. After police discovered that appellant was wearing another tighter hat underneath his hat, Pease again observed appellant and told police that appellant looked like the individual she observed behind her condo.
A forensic scientist with the Ohio Bureau of Criminal Identification and Investigation testified at trial that the impression present in one of the footprints taken in the snow around the Pease patio was made by the right shoe worn by appellant at the time of his arrest. She also testified that other impressions taken by police at the patio were consistent with appellant's left shoe, but there were insufficient individual characteristics to identify it specifically.
The jury also heard testimony that appellant was questioned approximately seven weeks earlier when he was observed standing behind the same condominium buildings and standing in the bushes in the area of the victim's condo.
On the night of his arrest for the instant charges, appellant was in possession of a piece of mail from another occupant in the condominium complex. The envelope, which contained a check in payment of a bill, was left by the sender in a box for outgoing mail on the night before the incident occurred. Appellant told the police that he had found the envelope in the middle of the road three or four days before the incident.
A jury convicted appellant of attempted burglary and of receiving stolen property. The two cases were consolidated under the current case number of CA2000-05-093 for purposes of this appeal. Appellant raises six assignments of error.
Assignment of Error No. 1:
 THE FINDING OF GUILT IN THE CASE SUB JUDICE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
Appellant was convicted of attempted burglary in violation of R.C.2923.02(A), and receiving stolen property in violation of R.C. 2913.51(A). R.C. 2923.02(A) states, "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." The offense of burglary was defined by the trial court for the jury as "by force, stealth or deception, trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person or any person other than an accomplice of the offender is present or likely to be present."
The jury heard Pease's description of the individual observed outside her patio. Appellant was discovered a short distance away, wearing a jacket and hat very similar to what Pease had observed. Appellant's explanation of his whereabouts changed twice, and could not be confirmed because he would not name the friends he was allegedly visiting. Appellant was found in possession of an envelope from a resident in the condominium complex who had placed the envelope in the outgoing mail area inside the building. Although appellant denied that his footprints would be found in that area, his right shoe print was identified as being one of the footprints found outside of Pease's patio. Testimony was also given that appellant had been positively identified as the individual standing behind a building in the same condominium complex late one night some seven weeks earlier.
As to the issue of receiving stolen property, R.C. 2913.51(A) states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Appellant was found in possession of an envelope containing the check for a bill that belonged to another. He told police that he had picked up the envelope in the street three or four days previously, even though the resident who mailed the bill left it to be mailed only one day before the incident. The jury was also able to see that despite weather conditions that included falling snow and snow accumulation some days before the incident, the envelope showed no exposure to the elements.
Viewing this evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could find the essential elements of attempted burglary and receiving stolen property proven beyond a reasonable doubt. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY OVERRULING DEFENDANT'S MOTIONS FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.
Under Crim.R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261, 263. In reviewing the trial court's ruling on this motion, this court must view the evidence in a light most favorable to the state. State v. Wolfe (1988), 51 Ohio App.3d 215.
When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Thompson (1998), 127 Ohio App.3d 511, 525. This court has already overruled appellant's first assignment of error with respect to the sufficiency of the evidence to support his conviction; the second assignment of error is overruled on the same basis.
Assignment of Error No. 3:
 THE COURT ERRED BY ADMITTING IMPEACHMENT EVIDENCE REGARDING PRIOR ALLEGED "BAD ACTS" BY Defendant [sic] OVER THE OBJECTIONS OF TRIAL COUNSEL FOR DEFENDANT.
Appellant argues that, pursuant to Evid.R. 404(B), evidence of other crimes was not admissible at trial to prove his character of or to show that he acted in conformity thereto.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Robb (2000), 88 Ohio St.3d 59,68, quoting State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion as well as a showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to the admissibility of evidence. State v. Martin (1985), 19 Ohio St.3d 122, 129. State v.Hymore (1967), 9 Ohio St.2d 122, 128. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Statev. Wolons (1989), 44 Ohio St.3d 64, 68.
Evid.R. 404 applies to a trial court's decision of whether to admit "other acts" evidence. Evid.R. 404(B) states the following:
 (B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
In State v. Lowe (1994), 69 Ohio St.3d 527, the Supreme Court of Ohio discussed the conditions that may permit other acts to be admitted as evidence of identity in a criminal trial. Other acts can be introduced when those acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment," and are "inextricably related to the alleged criminal act." Id. at 531, quoting State v. Curry (1975), 43 Ohio St.2d 66, 73. Other acts may be admissible to prove identity by demonstrating a modus operandi applicable to the crime at issue. Lowe at 531. "Other acts forming a unique, identifiable plan of criminal activity are admissible to establish identity under Evid.R. 404(B)." Id., quoting State v. Jamison (1990),49 Ohio St.3d 182, syllabus. A specific modus operandi is admissible "because it provides a behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator." Lowe at 531.
The other acts evidence to which appellant objects includes evidence that he was seen standing, crouching and lying in the grass behind a condominium unit in the same condominium complex for thirty minutes around midnight within seven weeks of the incident in question. The appellant told police at that time that he was returning home from work, although his workplace, an antique mall, and his residence were both one and one-half miles south of where he was located. Appellant also told police that he was in the area to urinate, although police could find no evidence to confirm this information.
Introduction of this other act evidence was a part of the immediate background of the alleged act that formed the foundation of the crime charged in the indictment. We also note that the other act evidence also showed appellant's opportunity, preparation, and plan for the crime for which he was charged.
The trial court did not abuse its discretion by permitting the introduction of the other act evidence. The third assignment is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED BY PERMITTING INADMISSIBLE HEARSAY EVIDENCE TO BE ADMITTED AT TRIAL OVER THE OBJECTION OF TRIAL COUNSEL FOR DEFENDANT.
Appellant argues that testimony from two sources included inadmissible hearsay. Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C); State v. Kehoe
(1999), 133 Ohio App.3d 591, 607. If the statement is offered to prove the truth of the matter asserted and the statement does not fall into any of the exceptions to the rule against hearsay listed in Evid.R. 803 and 804, the statement must be excluded from evidence. Evid.R. 802. State v.Carter (1995), 72 Ohio St.3d 545, 549.
Appellant first asserts that the following statement by the woman who noticed a man lurking behind a condominium seven weeks prior to the incident was hearsay:
 Q: Ma'am, based on your conversation with your son, what did you do next?
A: I called 911.
Appellant argues that the admission of this statement permitted the jury to assume that the person on the telephone told the recipient that the situation that was occurring was serious enough to call 911, and that this was highly prejudicial to appellant. The witness, however, did not testify about what an out-of-court declarant told her, and was only permitted to tell what she did next. Testimony not offered for the truth, but to explain the actions of a witness to whom the statement was directed, such as to explain the witness's activities, is not hearsay.State v. Davidson (Nov. 25, 1991), Clermont App. No. CA91-05-033, unreported, at 13, citing State v. Thomas (1980), 61 Ohio St.2d 223. Therefore, the trial court did not err by allowing the statement to be admitted into evidence.
Appellant also asserts that the following statement was inadmissible hearsay:
 Q: Based on that conversation [with the maintenance man for Meadow Ridge], were you able to confirm whether or not Mr. Smith was there that evening?
 A: Yes, I was able to confirm that he was not at that house that evening. [Objection by the defendant].
By the Court: Overruled. It's part of his investigation.
Appellant argues that the admission of the second statement that appellant had not been at the maintenance man's house the evening he was arrested also permitted the jury to conclude that appellant was lying about his whereabouts during the evening and was also highly prejudicial to appellant.
The witness was permitted to testify that he learned from the maintenance man that appellant was not visiting with him that evening. The trial court admitted the statement, stating that it was part of the police investigation. Statements offered without reference to their truth, but offered to explain a police officer's conduct while he investigated a crime have been found not to be hearsay. Davidson, citingState v. Blevins (1987), 36 Ohio App.3d 147. This statement, however, was offered for the truth of the matter, to propose that appellant was not visiting with the maintenance man on the night of the incident, and was therefore inadmissible hearsay.
We must next decide if the evidence improperly admitted resulted in reversible error, or if the error was harmless. A conviction will not be reversed if the trial court's error is harmless. State v. Brown (1992),65 Ohio St.3d 483, 485. An error is harmless where there is no reasonable possibility that the error contributed to the outcome of defendant's trial. Id. The evidence in favor of conviction, absent the hearsay, must be so overwhelming that the admission of those statements was harmless beyond a reasonable doubt. Kidder, at 284.
In deciding whether the admission of this hearsay statement was unduly prejudicial to appellant, this court is guided by State v. Kidder (1987),32 Ohio St.3d 279, 284, which held: "[O]ur judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the * * * [statement] on the minds of an average jury," citing Harrington v. California (1969), 395 U.S. 250, 254,89 S.Ct. 1726, 1728, 23 L.Ed.2d 284.
In the present case, the record reveals that the police decided to follow up with one of the condominium maintenance men, even though appellant never specifically identified who he claimed he had been visiting on the evening of the offense. There appears no reasonable possibility that the error contributed to the outcome of appellant's trial. We find the error was not so prejudicial to require reversal. The fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE COURT ERRED BY NOT SETTING FORTH A JURY INSTRUCTION REGARDING THE DEFENSE OF ABANDONMENT.
Appellant argues that because evidence was presented that appellant abandoned his criminal purpose in the attempted burglary, the trial court should have instructed the jury on the affirmative defense of abandonment. Appellant bases this argument on the fact that appellant was leaving the patio area when Pease first observed him. The prosecution alleges that appellant committed attempted burglary by attempting to open the sliding glass door to the Pease condominium and was thwarted only by impossibility, because the broomstick was placed in the door frame.
When reviewing a trial court's jury instructions, an appellate court reviews whether the trial court's refusal to give a requested jury instruction constitutes an abuse of discretion. State v. Wolons (1989),44 Ohio St.3d 64, 68. Only those instructions that conform to the facts of the case should be given. Avon Lake v. Anderson (1983),10 Ohio App.3d 297, 299.
In the instant case, appellant maintained throughout trial that he was not on Pease's patio and did not engage in the burglary attempt; he did not argue that he participated, and then, as required in R.C. 2923.02, abandoned his effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose. See R.C. 2923.02(D). See State v.Wright (Nov. 2, 1995), Cuyahoga App. No. 68027, unreported, at 5. Since there is no evidence in the record to support an instruction on abandonment, the trial court did not abuse its discretion by refusing appellant's requested instruction. Id. The fifth assignment of error is overruled.
Assignment of Error No. 6:
 THE TRIAL COURT'S CUMULATIVE ERRORS HAVE DENIED DEFENDANT A FAIR TRIAL.
Appellant argues that where the trial court committed several small errors, albeit individually harmless, cumulatively they denied appellant his constitutional right to a fair trial.
Although a particular error might not constitute prejudicial error in and of itself, a conviction may be reversed if the cumulative effect of the errors deprives the defendant of a fair trial, despite the fact that each error individually does not constitute cause for reversal. State v.Fears (1999), 86 Ohio St.3d 329, 348. However, the doctrine of cumulative error is not applicable where the appellant fails to establish multiple instances of harmless error during the course of the trial. State v.Garner (1995), 74 Ohio St.3d 49, 64. As previously discussed, this court has found no instance of prejudicial error and only one instance of harmless error, and therefore the doctrine of cumulative error is not applicable here. The sixth assignment of error is overruled.
The judgment of conviction is affirmed.
VALEN and WALSH, JJ., concur.