OPINION
{¶ 1} Appellant, William P. Straight, timely appeals the Columbiana County Court of Common Pleas' decision sentencing him to seven years in prison for his second degree felony conviction on felonious assault in violation of R.C. § 2903.11(A)(1). The jury concluded that Appellant knowingly caused serious physical harm to Raymond Scott when he struck Scott with his 1980 Ford Fairmont station wagon in East Liverpool, Ohio.
 {¶ 2} The state's theory of the case was that Appellant hit Scott with his car because he was angry at Scott. This is based on testimony that, approximately ten minutes prior to the incident, Appellant drove down the street and Scott yelled at Appellant to slow down. Appellant then reversed his car and spun his tires. Appellant drove down the street again and, this time, struck Scott.
 {¶ 3} Appellant, however, claimed that he never heard Scott. Instead, he argued that the incident was an unavoidable accident because his car was sliding on gravel at the same time that Scott ran into the street. Appellant claims he was unable to steer or stop his vehicle. Thus, he struck the victim.
 {¶ 4} Appellant asserts four assignments of error on appeal. In his first assignment of error he asserts:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT EXCLUDED THE TESTIMONY OF APPELLANT'S SCIENTIFIC EXPERT WITNESS UNDER DAUBERT."
 {¶ 6} This assignment stems from the trial court's ruling on the state's motion in limine, which sought to exclude Appellant's accident reconstructionist, Richard Stevens, from testifying at trial. Contrary to the terminology employed in Appellant's claimed error, neither party disputes Stevens' reliability as an expert. Further, the trial court found that his methods were reliable. However, the court also found that his conclusions and testimony were not relevant in this matter.
 {¶ 7} While a pretrial ruling on a motion in limine does not preserve error for appellate review, the issue here was preserved for review, since the parties presented arguments and the trial court judge made his decision to grant the motion during Appellant's trial. White v. Center Mfg. Co. (1998),126 Ohio App.3d 715, 722, 711 N.E.2d 281; Steubenville v. Schmidt, 7th Dist. No. 01 JE 13, 2002-Ohio-6894, ¶ 14. It should be noted that the trial court held an initial hearing on a pretrial motion in limine at which Stevens testified. The trial court concluded at the end of the pretrial hearing that, while Stevens was a reliable witness, it would hold a definite ruling on the motion in abeyance depending upon the evidence presented at trial. The trial court stressed that the evidence at trial, "needs to be developed such that his testimony would be relevant." (Motion in Limine Tr., p. 70.)
 {¶ 8} The court also indicated to counsel that if he was allowed to testify, the defense would need to have Appellant testify first, and then the court could allow Stevens' expert testimony to corroborate the accident's physical attributes with Appellant's testimony. (Motion in Limine Tr., pp. 67-68.)
 {¶ 9} Appellant subsequently sought to admit Stevens' testimony at trial to support his version of the incident. Essentially, Appellant testified that the incident was unavoidable because Scott entered the street in front of his car while at the same time, he was unable to steer the car because it was skidding.
 {¶ 10} At that point, the trial court sustained the state's motion in limine. It found that Stevens' testimony was irrelevant because the issue before the jury concerned Appellant's state of mind; specifically whether he "knowingly" hit the victim. Consequently, the court concluded that Stevens' speculative testimony about the victim's ability to avoid the accident was irrelevant. (Tr., p. 376.)
 {¶ 11} Appellant's counsel perfected the record by stating his argument concerning the exclusion of Stevens' testimony. He also proffered a report drafted by Stevens as evidence. (Tr., pp. 366-371, 381-385, Defendant's Exh. H.)
 {¶ 12} The trial court subsequently concluded in its post trial judgment entry, "the issue in this case is not how the accident occurred or at what point it occurred but whether the [Appellant] acted knowingly. The Court heard from Mr. Stevens during a previous proceeding in this case and finds that his ultimate conclusion for which he would be called to testify would not be probative in this type of case." (Dec. 24, 2003, Judgment Entry, p. 2.)
 {¶ 13} Evidence Rule 402 provides that relevant evidence is generally admissible and irrelevant evidence is inadmissible. Relevant evidence is defined as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.
 {¶ 14} The decision to admit or exclude evidence is within the broad discretion of the trial court. An abuse of discretion is more than an error of law or judgment; it connotes that the court's attitude was unreasonable, arbitrary, or unconscionable.Tracy v. Merrell Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147, 152, 569 N.E.2d 875.
 {¶ 15} For the following reasons, the trial court did not abuse its discretion in granting the state's motion in limine.
 {¶ 16} First, Appellant's counsel confirmed at trial that Stevens' ultimate conclusion was that the victim could have avoided the accident. Further, Stevens' conclusion on this issue would have been based solely on Appellant's version of the story in which Appellant claims that the victim was running toward his vehicle in the street, and that Appellant could not avoid the incident. (Tr., pp. 368, 370; Motion in Limine Tr., State's Exh. 1.)
 {¶ 17} While this testimony would undoubtedly have bolstered Appellant's version of the incident, it was not probative as to whether Appellant was guilty of felonious assault. Stevens' report itself provided no independent evidence as to the cause of the accident. To establish the offense of felonious assault, the state must have established that Appellant knowingly caused serious physical harm to another. R.C. § 2903.11(A)(1). There is no defense to felonious assault that concerns the victim's ability to avoid the incident.
 {¶ 18} Appellant's counsel argued that regardless of Stevens' conclusions concerning the victim's ability to avoid the incident, the trial court should have allowed Stevens to testify about the scientific methods he used in looking at the scene of the incident in order to give credence to Appellant's version of the facts. Counsel argued that Stevens would have adopted Appellant's account of the incident; applied the physical evidence from the scene; and given credibility to Appellant's version of the incident by agreeing that Appellant likely could not have avoided hitting the victim. (Tr., pp. 370-371.)
 {¶ 19} In support of allowing Stevens' testimony at trial, Appellant's counsel argued, "if [Stevens] can show that the line of the car did merge around, it wasn't a sharp swerve or deliberate swerve as all the State's witnesses or lay witnesses are trying to indicate here. I think [his testimony is] extremely relevant to lend credibility to [Appellant's] defense." (Tr., p. 371.)
 {¶ 20} Thereafter, however, while a draft of his report was filed, Stevens' actual testimony was never proffered at trial. We also note that Stevens never testified at the pretrial hearing that the physical evidence showed that Appellant's car did not turn into or swerve into the victim. Instead, Stevens simply testified that one cannot steer a skidding wheel or car. (Motion in Limine Tr., p. 61.) Further, Stevens' testimony was based in part on a photograph of the incident scene that depicted skid marks. However, these skid marks were only speculatively linked to this incident at trial.
 {¶ 21} Appellant overlooks the fact that these arguments serve to bolster the trial court's decision. Appellant admits that the report does not provide its own, independent evidence as to the facts which occurred that day. Instead, the expert relies on Appellant's own version of the facts and, using evidence which may or may not actually be linked to this incident, describes a manner in which the accident could have occurred as Appellant described. In addition to this speculation on top of speculation, the report seems to indicate that, while the perpetrator could not have prevented the incident, the victim could have prevented the occurrence. Based on the record, it is apparent that the expert could offer nothing of relevance, here.
 {¶ 22} Appellant testified at trial that he was driving within the speed limit of 25 mph. He also stated that the accident was unavoidable because his car was sliding out of control when the victim ran into the street. He stated that the victim was running toward his car holding a tool in the air with an angry look on his face. He said he did not deliberately try to hit the victim. Instead, Appellant said that his car slid on gravel on the roadway and he could not stop or steer his car. Appellant also said that he subsequently yelled at the victim indicating that he could have killed him. (Tr. pp. 329, 334, 366.) Appellant was the only individual to testify that his car was skidding or sliding.
 {¶ 23} The state brought three witnesses to testify to the contrary. The victim's friend, Steven Birch, testified that Appellant's vehicle turned sharply toward the victim before it struck him. He also said that Appellant did not apply his brakes until after he struck the victim. (Tr., p. 164.)
 {¶ 24} Etta Marie Husk, a neighbor at the time of the incident, also testified that she saw Appellant jerk his car toward the victim before striking him. In fact, she said she was watching Appellant closely that day because she had the care of her young nephew at the time. Husk said she actually saw Appellant jerk the steering wheel toward Appellant. Thereafter, Appellant got out of his car and was yelling that he should have killed Scott. (Tr., pp. 216, 218, 220, 222.)
 {¶ 25} Rebecca Grimes also testified. She said that Appellant was speeding down the road when he swerved and hit the victim. Grimes also said that Appellant gave a "quick nudge to the wheel" before hitting Scott. She denied hearing any brakes or seeing the car slide prior to the incident. (Tr., pp. 261-262.)
 {¶ 26} In addition, Officer McElreath of the East Liverpool Police Department testified. He was the first officer on the scene, and upon his arrival, Appellant told him that he struck Scott and that he thought the victim would move out of the way. (Tr., p. 122.)
 {¶ 27} Based on the foregoing, the trial court's decision to exclude the accident reconstructionist's testimony in the instant matter was not an abuse of discretion. Appellant was permitted to tell his version of the incident. Stevens' testimony was entirely based on his acceptance of Appellant's version of the facts. As such, it was speculative and not probative as to whether Appellant knowingly struck the victim with his automobile. This assignment of error lacks merit and is overruled.
 {¶ 28} Appellant's second assignment of error asserts:
 {¶ 29} "THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO GRANT APPELLANT'S REQUEST FOR A CHARGE OF THE LESSER INCLUDED OFFENSE OF AGGRAVATED VEHICULAR ASSAULT"
 {¶ 30} An appellate court reviews a trial court's refusal to give a requested jury instruction for an abuse of discretion.State v. Wolons (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. A trial court should provide only those jury instructions that conform to the facts of the case. Avon Lake v. Anderson (1983),10 Ohio App.3d 297, 299, 462 N.E.2d 188.
 {¶ 31} The Ohio Supreme Court in State v. Deem (1988),40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, set forth a three-part test to determine when an offense may be a lesser-included offense of another:
 {¶ 32} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 33} In the instant cause, Appellant requested the jury be instructed on aggravated vehicular assault as a lesser included offense of felonious assault. However, the trial court found that this offense did not conform to the facts of this case.
 {¶ 34} In order to be convicted of felonious assault, it must be established that the accused knowingly caused serious physical harm to another. R.C. § 2903.11(A)(1). Aggravated vehicular assault, on the other hand, involves causing serious physical harm to another person while recklessly operating a motor vehicle. R.C. § 2903.08(A)(2)(b). Since felonious assault does not necessarily have to involve the use of a vehicle, aggravated vehicular assault is not a lesser included offense.
 {¶ 35} Additionally, Appellant argued that aggravated vehicular assault was a lesser included offense in his case because he was driving recklessly, which resulted in serious injuries to Scott. In support, Appellant's counsel stressed the very poor condition of Appellant's automobile and the fact that this was likely a distraction to Appellant's driving ability.
 {¶ 36} However, the trial court did not believe that the evidence supported a finding that Appellant acted recklessly. Instead, the trial court found that Appellant's theory of the incident was that it was an unavoidable accident. (Tr., p. 398.) In explaining his understanding of Appellant's case, the trial court judge stated: "[Appellant] indicated * * * he wasn't going fast and he was aware of the children and he was looking around to make sure he that [sic] didn't encounter any of them when he went down the — [street.]" (Tr., p. 397.)
 {¶ 37} Appellant's testimony supports the trial court's decision. Appellant testified that his car sounded louder than it is because it had linkage problems and a very high idle. However, Appellant never blamed the incident on the poor condition of his car. Instead, Appellant testified that the victim ran into the street waving a tool in the air with an angry look on his face. Appellant said he could not stop or steer his car because it was sliding on gravel. Appellant admits to swearing and yelling at the victim after the incident, but he thought the victim was joking at the time. (Tr., pp. 3293-30, 352.)
 {¶ 38} Although Appellant's trial testimony referenced the poor condition of his car at the time of the incident, there is no evidence before the trial court connecting the poor condition of the car to the cause of the incident. Instead, Appellant's testimony blamed the accident on the victim. Consequently, the trial court's decision was not an abuse of discretion.
 {¶ 39} Thus, Appellant's second assignment of error lacks merit and is overruled.
 {¶ 40} We next address Appellant's fourth assignment of error out of order. Appellant's fourth assignment of error asserts:
 {¶ 41} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO SUPPRESS AND PERMITTED OFFICER McELREATH TO PROFFER TESTIMONY REGARDING ALLEGED ORAL STATEMENTS MADE BY APPELLANT PRIOR TO THE ISSUANCE OF MIRANDA."
 {¶ 42} Appellate review of a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288, 688 N.E.2d 9, citing Tallmadge v. McCoy
(1994), 96 Ohio App.3d 604, 608, 645 N.E.2d 802. "`In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'"State v. Hopfer (1996), 112 Ohio App.3d 521, 548,679 N.E.2d 321, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653,645 N.E.2d 831.
 {¶ 43} Thus, this Court must accept the trial court's factual findings and assessment of witness credibility. State v. Brown
(Sept. 7, 1999), 7th Dist. No. 96-B2-2, citing State v.Anderson (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034. Once an appellate court has accepted those facts as true, it must independently determine whether the trial court met the applicable legal standard. State v. Walker, 7th Dist. No. 03MA238, 2004-Ohio-5790, ¶ 11.
 {¶ 44} The prosecution may not use any statements stemming from a custodial interrogation unless it demonstrates the use of procedural safeguards designed to secure the privilege against self-incrimination. Miranda v. Arizona (1966), 384 U.S. 436,444, 86 S.Ct. 1602. Miranda warnings are required only where there has been such a restriction on a person's freedom that the restriction approximates custody. Oregon v. Mathiason (1977),429 U.S. 492, 494, 97 S.Ct. 711.
 {¶ 45} Appellant argues herein that he was entitled to Miranda warnings upon Officer McElreath's arrival at the scene of the incident. Appellant's argument hinges on the fact that McElreath indicated that he was treating this incident as a criminal investigation upon his arrival. Thus, Appellant claims that he should have been read his rights as soon as he identified himself as the driver of the vehicle. Since he was not provided this warning prior to making certain statements, he claims that these statements should have been suppressed.
 {¶ 46} However, the initial determination as to whether an individual is in custody for purposes of Miranda depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. State v. Spence, 12th Dist. No. CA2002-05-107, 2003-Ohio-4237, citing, Stansbury v. California
(1994), 511 U.S. 318, 323-324, 114 S.Ct. 1526. "[A]n officer's subjective and undisclosed view concerning whether the person being interrogated is a suspect is irrelevant to the assessment whether the person is in custody." Id. at 319, 114 S.Ct. 1526.
 {¶ 47} In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation. "[T]he ultimate inquiry is simply whether there [was] a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v.Beheler (1983), 463 U.S. 1121, 1125, 103 S.Ct. 3517. Further, "[w]here the suspect has not been formally arrested, the restraint on the suspect's freedom of movement must be significant in order to constitute custody." State v. Coleman
(April 29, 2002), 12th Dist. No. CA2001-10-241, 4, quoting Statev. Staley (May 8, 2000), 12th Dist. No. CA99-08-019, 7.
 {¶ 48} The evidence before this Court reflects that Appellant was not in custody when he made the statements at issue.
 {¶ 49} Officer McElreath was the first officer at the scene of the incident. He asked a group of people who the driver of the vehicle was, and Appellant approached him and indicated that he had been the driver. At that point, McElreath did not ask any questions because Appellant did not give him a chance. Appellant, "just let [him] know what happened." Appellant told McElreath that he, "was driving down the road; a guy jumped out with a tool, large tool in his hand and he drove toward him anyway. * * * [And] he hit him." (Suppression Hearing Tr., pp. 8-10, 25, 37.) Then, according to McElreath, the crowd of people started to become angry toward Appellant, so he put Appellant in the patrol car for his protection. (Suppression Hearing Tr., p. 10.)
 {¶ 50} When asked if he did anything in an effort to elicit information from Appellant prior to providing him his Miranda rights, McElreath responded, "Not at all. There was no need to. He told the entire story." (Suppression Hearing Tr., p. 11.) Appellant was subsequently driven to the police station where he signed a waiver of his rights and was interviewed. (Suppression Hearing Tr., pp. 11, 13.)
 {¶ 51} Based on the foregoing, the trial court's decision was supported by competent, credible evidence. There was no significant restriction on Appellant's freedom of movement at the time of his declarations, and he made the statements without being questioned. Thus, this assignment of error is overruled.
 {¶ 52} Finally, in Appellant's third assignment of error he argues:
 {¶ 53} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING A PRISON TERM GREATER THAN THE MINIMUM SENTENCE OF THE FELONIOUS ASSAULT CONVICTION PURSUANT TO ORC 2929.14(B)."
 {¶ 54} Appellant claims that the trial court failed to comply with the requisite sentencing guidelines in R.C. § 2929.14(B) in imposing more than the minimum two year sentence.
 {¶ 55} R.C. § 2929.14(B) provides that the sentencing court shall impose the minimum required prison term unless one of two factors applies:
 {¶ 56} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 57} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 58} When imposing a sentence greater than the minimum on an offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing.State v. Comer, 99 Ohio St.3d 464, 2003-Ohio-4165,793 N.E.2d 473.
 {¶ 59} If a sentencing court fails to make the requisite R.C. § 2929.14(B) findings on the record at the sentencing hearing, then the imposition of a sentence in excess of the minimum is error. State v. Weaver (2001), 141 Ohio App.3d 512, 519,751 N.E.2d 1096; State v. Hill, 8th Dist. No. 83078,2004-Ohio-1248, ¶ 55; State v. Beal, 7th Dist. No. 02 CO 37, 2003-Ohio-2241, ¶ 6.
 {¶ 60} In the instant matter, Appellant was convicted by a jury of felonious assault, a second degree felony in violation of R.C. § 2903.11(A)(1). R.C. § 2929.14(A)(2) mandates a prison term of two, three, four, five, six, seven, or eight years for a felony of the second degree. Appellant was sentenced to seven years in prison.
 {¶ 61} The record in this case does not reflect that Appellant was either serving a prison term at the time of this offense or that he had previously served a prison term. Thus, the sentencing court was required to make one of the requisite R.C. §2929.14(B) findings on the record.
 {¶ 62} The state argues on appeal that Appellant's sentence should be upheld because the trial court articulated its reasons for imposing its sentence. In fact, the trial court concluded that this was nearly the worst form of the offense. However, this is not one of the requisite R.C. § 2929.14(B) findings.
 {¶ 63} The state also points out that the trial court referenced its obligation in sentencing; a duty, "to punish offenders, [and] protect the public[.]" (Sentencing Tr., p. 37.) However, the trial court never concluded that the shortest prison term would demean the seriousness of Appellant's conduct or would not adequately protect the public from future crime.
 {¶ 64} A search of the record, here, reveals no statutory reasons are listed for imposing a sentence that is greater than the minimum. Although the trial court may have considered the applicable R.C. § 2929.14(B) factors, it failed to adequately address these factors on the record at Appellant's sentencing hearing.
 {¶ 65} The trial court did make the requisite findings in its sentencing entry. (March 29, 2004, Judgment Entry.) However, making these findings solely in the sentencing entry is insufficient to support Appellant's sentence on appeal. The Supreme Court requires that the sentencing court make at least one of the requisite findings on the record at the sentencing hearing. Comer, supra.
 {¶ 66} Since the trial court failed to make the requisite R.C. § 2929.14(B) findings on the record at the sentencing hearing, this Court must vacate Appellant's sentence and remand this matter to the trial court for resentencing. Thus, Appellant's third assignment of error has merit.
 {¶ 67} In conclusion, Appellant's first, second, and fourth assignments of error lack merit and are overruled. However, Appellant's third assignment of error is sustained. Thus, this Court hereby vacates Appellant's sentence and remands this matter to the trial court for resentencing.
Donofrio, P.J., concurs.
Vukovich, J., concurs.