OPINION
{¶ 1} Defendant-appellant Jason C. Mullins appeals his conviction and sentence for one count of felonious assault (serious harm), in violation of R.C. § 2903.11(A)(1), a felony of the second degree.
 {¶ 2} On January 27, 2006, Mullins was indicted for one count of felonious assault (serious harm), pursuant to R.C. § 2903.11(A)(1). Mullins pled not guilty to the charge on *Page 2 
 {¶ 3} Following a jury trial held on May 29, 30, and 31, 2007, Mullins was found guilty of the charged offense. On July 2, 2007, Mullins was sentenced to four (4) years imprisonment. Mullins filed a timely notice of appeal on July 31, 2007.
 I {¶ 4} In June, 2005, Mullins was hired to work security at Elbo's Bar in Dayton, Ohio, for a heavy metal music festival being held at the bar. On June 11, 2005, Mullins was working security during the music festival when he allegedly observed two men attack another man in the crowd of people attending the event. One of the alleged attackers was Kelly Nester, the victim in the instant case. Mullins immediately sought to intervene and break up the fight in accordance with his duties as a security guard/bouncer for the event. The record establishes that upon entering the fray, Mullins threw his forearm into the right side of Nester's face. The blow knocked Nester down and rendered him unconscious. Mullins then turned on the other alleged attacker, Gary Jones, and knocked him down, again utilizing his forearm. As a result of the blow from Mullins, the right side of Nester's face was shattered which required extensive surgery to repair the damage and which resulted in blindness in his right eye.
 {¶ 5} As noted above, Mullins was found guilty of felonious assault after a three day jury trial. The trial court sentenced Mullins to four years imprisonment to be followed by three years of post-release control. It is from this judgment that Mullins now appeals.
 II {¶ 6} Mullins' first assignment of error is as follows: *Page 3 
 {¶ 7} "(A) THE FAILURE TO GIVE AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF ASSAULT WAS PLAIN ERROR AND (B) INSTRUCTING THE JURY THAT IN ORDER FOR THE DEFENSE OF ANOTHER TO BE A VIABLE DEFENSE THERE WAS A REQUIRED [sic] THAT THE OTHER PERSON BEING DEFENDED MUST BE AWARE THAT HE OR SHE WAS IN DANGER OF DEATH OR SERIOUS PHYSICAL HARM WAS ALSO PLAIN ERROR."
a. Failure to Give Jury Instruction on Simple Assault
 {¶ 8} In the first section of his first assignment, Mullins contends that the trial court committed plain error when it failed to instruct the jury on the lesser included offense of simple assault. In support of his argument, Mullins asserts that the evidence presented at trial raised the question as to whether a trier of fact could reasonably find that the lesser included offense of simple assault had been committed rather than the offense of felonious assault charged in the indictment. Thus, Mullins argues that ample evidence existed which supported a verdict for simple assault and an acquittal for felonious assault.
 {¶ 9} "A criminal defendant has the right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." State v. Williford (1990), 49 Ohio St.3d 247, 251,551 N.E.2d 1279, 1282. Jury instructions should be tailored to fit the facts of the case. Avon Lake v. Anderson (1980), 10 Ohio App.3d 297, 299,462 N.E.2d 188, 190.
 {¶ 10} "[A] jury instruction must be given on a lesser included (or inferior-degree) offense when sufficient evidence is presented which would allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included offense." State v. Shane (1992),63 Ohio St.3d 630, 632-633, 590 N.E.2d 272, 274-275. *Page 4 
 {¶ 11} The relevant elements of felonious assault, R.C. § 2903.11(A)(1), are as follows:
 {¶ 12} "(A) No person shall knowingly do either of the following:
 {¶ 13} "(1) cause serious physical harm to another."
 {¶ 14} The relevant elements of the offense of simple assault, R.C. § 2903.13(B), are as follows:
 {¶ 15} "(B) No person shall recklessly cause serious physical harm to another."
 {¶ 16} Mullins argues that the evidence presented at trial demonstrated that he acted recklessly, rather than knowingly, when he struck Nester and shattered the right side of his face. Thus, Mullins argues that the trial court had before it reasonable evidence that warranted the inclusion of an instruction to the jury on the lesser included offense of simple assault.
 {¶ 17} Pursuant to R.C. 2901.22(B), "a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. § 2901.22(C).
 {¶ 18} In the instant case, Mullins testified that he was simply trying to break up a fight when he accidentally struck Nester in the face. Mullins argues that he did not use his fists to strike Nester, rather he used his forearm since he was only trying to keep Nester and Jones from further attacking Shestina. In his attempt to shove Nester away from Shestina, Mullins testified that the blow he struck was originally intended to hit Nester in the chest, not the face. In light of his testimony, Mullins contends that ample evidence was submitted which compelled the trial court to give a jury instruction on the lesser included offense of simple assault. *Page 5 
 {¶ 19} Mullins' argument in this regard might be persuasive absent the existence of imbedded video footage of State's Exhibit 1[1] of the actual assault which showed Mullins charge Nester and grab his shoulder with his left hand. The video then shows Mullins throw his right forearm squarely into the right side of Nester's face. Nester then immediately fell to the floor of the venue, apparently unconscious. In light of this evidence, the jury could not have reasonably found that Mullins acted recklessly rather than knowingly. Thus, the trial court did not commit plain error in failing to instruct the jury with respect to the lesser included offense of simple assault. *Page 6 
 B. Failure of Trial Court to Give Proper Jury Instruction on "Defenseof Another"
 {¶ 20} In the second section of his first assignment, Mullins contends that the trial court gave a misleading and incorrect instruction to the jury regarding the defense of another. Specifically, Mullins argues that it was plain error for the trial court to instruct the jury that in order for defense of another to be utilized, the defendant must establish that the person being defended must be aware that he was in danger of death or serious physical harm.
 {¶ 21} After a thorough review of OJI §§ 411.33(3), we find that the trial court provided a correct statement of law when it instructed the jury on defense of another. However, our independent review of the instructions given to the jury has revealed substantive errors in other portions of the instructions on defense of another which amount to plain error by the trial court.
 {¶ 22} Failure to object to jury instructions, as required by Crim. R. 30(A), constitutes a waiver of any claim of error on appeal unless the absence of such instruction rises to the level of plain error.Williford, 49 Ohio St.3d at ¶ 3 of the syllabus. Plain error signifies an error affecting a substantial right that was not brought to the attention of the trial court at the appropriate time. Crim. R. 52(B). In order to prevail under a plain error standard of review, an appellant must establish that the outcome of his or her trial would clearly have been different had the alleged error not occurred. State v. McCleod
(Dec.12, 2001), Jefferson App. No. 00 JE 8, 2001-Ohio-3480; citingState v. Waddell (1996), 75 Ohio St.3d 163, 166, 661 N.E.2d 1043, 1045. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances only and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, ¶ 3 of the syllabus.
 {¶ 23} Ohio Jury Instructions is a compendium of standard instructions prepared by the *Page 7 
Jury Instructions Committee of the Ohio Judicial Conference, and is generally followed and applied by Ohio's courts. State v. Kucharski
(Dec. 9, 2005), Montgomery App. No. 20815, 2005-Ohio-6541. With respect to jury instructions, a trial court is required to provide the jury a plain, distinct, and unambiguous statement of the law applicable to the evidence presented by the parties to the trier of fact. Marshall v.Gibson (1985), 19 Ohio St.3d 10, 12, 482 N.E.2d 583. Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instructions. Murphy v. CarrolltonMfg. Co. (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828. An appellate court must review the challenged or omitted instructions within the context of the entire charge and not in and of itself. State v.Hardy (1971), 28 Ohio St.2d 89, 92, 276 N.E.2d 828.
 {¶ 24} The trial court committed plain error when it provided the jury an erroneous instruction on Mullins' defense of another claim. In its instructions, the trial court chose to utilize the language in OJI § 411.35(B), defense of another. The instruction reads in pertinent part:
 {¶ 25} "(B) DEFENSE OF ANOTHER. In deciding whether the defendant had reasonable grounds to believe and an honest belief that (name of person defended) was in (imminent) (immediate) danger of (death or great bodily harm) (bodily harm), you must put yourself in the position of the defendant, with his/her characteristics, his/her knowledge or lack of knowledge, and under the circumstances and conditions that surrounded him/her at the time. You must consider the conduct of (insert name of assailant) and decide whether his/her acts and words caused the defendant reasonably and honestly to believe that (name of person defended) was about to (be killed or receive great bodily harm) (receive bodily harm)."
 {¶ 26} The trial court, however, instructed the jury as follows: *Page 8 
 {¶ 27} "Now, in deciding whether the defendant had reasonable grounds to believe and an honest belief that Mr. Shestina was in imminent or immediate danger of great bodily harm, you must put yourself in the position of the defendant with his characteristics, his knowledge or lack of knowledge, and under the circumstances and conditions that surrounded him at the time. You must consider the conduct of JasonMullins and decide whether his acts and words caused him to reasonablyand honestly believe that Mr. Shestina was about to receive great bodilyharm" (Emphasis added).
 {¶ 28} The italicized portion of the defense of another instruction should have stated the following in order to be considered a correct statement of law:
 {¶ 29} "You must consider the conduct of Kelly Nester and decide whether his acts and words caused the defendant reasonably and honestly to believe that Mr. Shestina was about to receive great bodily harm."
 {¶ 30} By inserting Mullins' name where Nester's name should have been included, the trial court provided the jury with a clearly erroneous instruction and an incorrect statement of the law. In light of the misleading and confusing jury instruction on defense of another that it provided to the jury, the trial court committed plain error.
 {¶ 31} Mullins' first assignment of error is overruled in part and sustained in part.
 III {¶ 32} Mullins' remaining assignments of error are as follows:
 {¶ 33} "IT WAS ERROR TO ADMIT AN UNAUTHENTICATED AND INCOMPLETE VIDEO RECORDING."
 {¶ 34} "THE ADMISSION OF PREJUDICIAL HEARSAY WAS PLAIN ERROR."
 {¶ 35} "JASON MULLINS WAS DENIED DUE PROCESS OF LAW BECAUSE HE *Page 9 
FAILED TO RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL"
 {¶ 36} "THE VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND EVIDENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 37} Under his assignment alleging ineffective assistance of counsel, Mullins contends that his trial counsel was deficient for failing to move for dismissal of the charge against him since his constitutional right to speedy trial had been violated. However, it must be noted that Mullins' assertion that his speedy trial rights were violated is without merit. On September 11, 2006, a waiver of his right to speedy trial in Case No. 2005-CR-2612, signed by both Mullins and an attorney from the law office representing him was filed and docketed. Thus, Mullins' appellate counsel is clearly mistaken because Mullins' right to speedy trial was waived, and he is not entitled to dismissal of the charge for felonious assault.
 {¶ 38} In light of our disposition with respect to Mullins' first assignment, his remaining assignments are rendered moot. This case is reversed and remanded for a new trial.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Jill R. Sink
William T. Whitaker
Hon. A.J. Wagner
[1] We note that State's Exhibit 1, the DVD recording of a portion of this fray which was admitted at trial had initially been misplaced. Thus, our first viewing of Exhibit 1 was limited to a portion of the original DVD digitally imbedded in the video transcript of the trial. Pursuant to a phone conversation held on June 3, 2008, this Court learned that the original State's Exhibit 1 was located by the trial court's judicial assistant, and the appellate record was ordered to be supplemented accordingly pursuant to an entry filed on Thursday, June 5, 2008. On June 9, 2008, our order was complied with by filing of the original Exhibit 1. We have now reviewed it as well. We caution the trial court, counsel, and the judicial assistant that admitted exhibits must be retained and made part of the record in order to guarantee complete and thorough appellate review. *Page 1